IN THE MATTER OF EVAN CALLANAN, SR

Docket No. 72548. Argued April 4, 1984 (Calendar No. 17).—Decided
September 18, 1984.

The Judicial Tenure Commission, after filing a formal complaint and
conducting a hearing, recommended to the Supreme Court that
Evan H. Callanan, Sr., Judge of the 18th District Court, be
removed from office and be permanently enjoined from serving in
any state judicial office in the future because he was convicted of
felonies under federal law.

In a unanimous opinion by Justice Brickley, the Supreme Court
*held:*

Mr. Callanan's convictions, even though under appeal, were
convictions of felonies and constitute misconduct in office and
conduct clearly prejudicial to the administration of justice. The
number and seriousness of the crimes require his removal from
office rather than some lesser sanction. At this time it would be
speculative to consider permanently enjoining future service by
Mr. Callanan in a judicial office.

1. Because of the manner in which the formal complaint was
drawn, Mr. Callanan's answer admitted only the fact of his
convictions and not the truth of the allegations in the federal
indictment. The constitutional provision for the discipline of
judges allows removal for conviction of a felony. The conviction
need not have been reviewed by a higher court to provide the
basis for removal. Appeals need not be exhausted before the
Supreme Court may act.

2. A judge, at any level of the judicial system, presides at the
focal point of the administration of justice. For that reason, a
judge must be held to the highest standard of any public
official. The conduct of a judge must conform not only to the
Code of Professional Responsibility, but also to the Code of
Judicial Conduct. In this case, the convictions were of conspir-
acy to violate the Racketeer Influenced and Corrupt Organiza-
tions Act, aiding or abetting its violation, and aiding or abet-
ting mail fraud. While the specific facts which led to the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 46 Am Jur 2d, Judges §§ 18, 19.
Power of court to remove or suspend judge. 53 ALR3d 882.

convictions were not presented to the Court, it may be concluded that the convictions were based on acts which constitute misconduct in office and conduct clearly prejudicial to the administration of justice.

3. The Supreme Court has not yet pronounced its ability to permanently enjoin a person from serving in judicial office. In this case, by way of removal under article 6, § 30 of the constitution, all of Mr. Callanan's ties to his office are completely terminated. It would be speculative to consider now the Court's authority to permanently enjoin the respondent from serving in an unspecified judicial office at an unspecified time.

Evan H. Callanan, Sr., removed from the office of Judge of the 18th District Court.

1. JUDGES — REMOVAL FROM OFFICE — SUPREME COURT.

The conviction of a district court judge under federal law of felonies amounted to misconduct in office and conduct clearly prejudicial to the administration of justice that required his removal from office by the Supreme Court upon the recommendation of the Judicial Tenure Commission even though the convictions were being appealed; such appeals need not be exhausted before the Supreme Court may act (Const 1963, art 6, § 30; GCR 1963, 932.25).

2. JUDGES — CONDUCT IN OFFICE.

A judge, at any level of the judicial system, presides at the focal point of the administration of justice; for that reason, a judge must be held to the highest standard of any public official; the conduct of a judge must conform not only to the Code of Professional Responsibility, but also to the Code of Judicial Conduct.

*Joseph F. Regnier,* Executive Director and General Counsel, and *Kenneth B. Morgan* for the Judicial Tenure Commission.

*Nicholas Smith, P.C.* (by *Nicholas Smith*), for Evan H. Callanan, Sr.

BRICKLEY, J. This case comes before the Court on the recommendation of the Judicial Tenure Commission that Evan H. Callanan, Sr., who stands convicted of three federal felonies arising out of

the use of his office, be immediately removed from the office of Judge of the 18th District Court and be permanently enjoined from serving in any state judicial office in the future.

We order respondent removed from his judicial office, his pending appeal notwithstanding, but we decline to consider permanently enjoining future service in a judicial office.

I

Respondent was elected to his office in 1976. He was re-elected in 1982 to a six-year term beginning January 1, 1983. On May 27, 1983, a grand jury of the United States District Court for the Eastern District of Michigan returned a seven-count superseding indictment against respondent. The indictment charged conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 USC 1962(d) and 1963, aiding and abetting a violation of RICO, 18 USC 2, 1962(c), and 1963, four counts of aiding or abetting mail fraud, 18 USC 2 and 1341, and one count of obstruction of justice, aiding or abetting, 18 USC 2 and 1510. On September 1, 1983, following a jury trial, respondent was found guilty of conspiracy to violate RICO, aiding or abetting a violation of RICO, and aiding or abetting the commission of mail fraud. On October 14, 1983, respondent was sentenced to concurrent terms of imprisonment of 10 years, 10 years, and 5 years, respectively. Respondent's appeal is pending before the United States Court of Appeals for the Sixth Circuit.

On September 15, 1983, the commission, pursuant to GCR 1963, 932.7(d), gave written notice to respondent of the nature of the charges against him and informed him that he had 15 days to submit any material he wished to have considered

by the commission. The notice informed respondent that the three felony convictions and the conduct which gave rise to them could constitute grounds for discipline under GCR 1963, 932.4. Respondent did not answer within the 15-day period. Also on September 15, 1983, the commission petitioned this Court to suspend respondent without pay pending disposition of his case. We granted that petition by order dated October 5, 1983.

On October 19, 1983, the commission filed Formal Complaint No. 29 against respondent. The complaint set forth respondent's convictions and incorporated the facts alleged in the federal grand jury indictment against respondent.

The complaint stated:

"(1) The respondent is now and, at all times hereinafter mentioned, was a Judge of the 18th District Court, in the City of Westland, County of Wayne, State of Michigan.

"(2) On May 27, 1983, a grand jury for the United States District Court, Eastern District of Michigan, Southern Division, returned a superseding indictment charging respondent with six [sic] counts of violating the United States Code:

"Count One—Conspiracy, Racketeer Influenced and Corrupt Organizations; 18 USC 1962(d), 1963, alleged that respondent, from September 1, 1980, through August 31, 1982, willfully, knowingly and unlawfully conspired with his son, Evan Callanan, Jr., Richard Debs, and Sam Qaoud, codefendants, to commit offenses against the United States Government, including, among other things, acts involving the acceptance of bribes chargeable under Michigan state law as found in MCL 750.117 and 750.118 [MSA 28.312 and 28.313]. A description of the alleged overt acts on the part of respondent may be found in the grand jury's indictment, a true copy of which is appended to this complaint as attachment A.

"Count Two—Racketeer Influenced and Corrupt Organizations; Aiding and Abetting; 18 USC 1962(c), 1963 and 2, alleged that respondent from September 1, 1980, through August 31, 1982, in concert with codefendants Evan Callanan, Jr., Richard Debs and Sam Qaoud, enterprised and engaged in activities which affected interstate commerce by making use of the office of the District Court Judge of the 18th District Court to unlawfully and willfully conduct and participate, directly and indirectly, in a pattern of racketeering activity. These acts included, among other things, the solicitation and request of money for the benefit of themselves in exchange for special consideration to dispose of criminal cases pending in the 18th District Court. Specific description of these acts is included in the true copy of the grand jury indictment appended to this complaint as attachment A.

"Counts Three through Six—Mail Fraud; Aiding and Abetting, 18 USC 1341 and 2, charged that respondent, while serving in his official capacity as a Judge of the 18th District Court and as a Judge of the 3rd Judicial Circuit, used the United States mail to defraud the State of Michigan and its citizens of the right to conscientious, legal, faithful, disinterested and honest services. The specifics of these counts as they pertain to respondent and his codefendants are described in detail in the true copy of the indictment which is appended to this complaint as attachment A.

"(3) Pursuant to this indictment, a jury trial was conducted in the United States District Court, Eastern District of Michigan, Southern Division, before the Hon. Horace W. Gilmore, United States District Court Judge, which concluded on September 1, 1983, when the jury returned a verdict of guilty as to three of the six counts charged against the respondent. Respondent was found guilty of Count I, Conspiracy, Racketeer Influenced and Corrupt Organizations; Count II, Racketeer Influenced and Corrupt Organizations; Aiding and Abetting, and Count VI, Mail Fraud; Aiding and Abetting. Appended to this complaint is attachment B, a true copy of the jury verdict and attachment C, a true copy of the request for presentence investigation and report.

"(4) The above offenses are felonies punishable by

imprisonment in the federal prison system, and as such constitute judicial misconduct prohibited by Article 6, § 30(2), Michigan Constitution of 1963, as amended, which states, 'On recommendation of the judicial tenure commission, the supreme court may censure, suspend with or without salary, retire or remove a judge for conviction of a felony * * *'. Further, such conviction constitutes misconduct in office prohibited by GCR 1963, 932.4(b)(i) which states 'A judge shall be deemed guilty of misconduct in office if he is hereafter convicted in the United States of conduct which is punishable as a felony under the laws of Michigan or Federal law.'

"(5) Respondent's conduct as alleged in the aforesaid superseding indictment and his conviction of three felonies as a result thereof, constitute judicial misconduct in office, in that said conduct was clearly prejudicial to the administration of justice, within the provisions of Article 6, § 30 of the Michigan Constitution of 1963, as amended; GCR 1963, 932.4(b)(i), as amended; GCR 1963, 932.4(b)(iv), as amended; GCR 1963, 932.4(d), as amended, and further was violative of the Code of Judicial Conduct, particularly Canons 1, 2A, 2B, and 3; and also violative of the Code of Professional Responsibility and Canons, particularly Canons 1 and 9 thereof. Further, respondent's conduct as alleged exposed the legal profession or the courts to obloquy, contempt, censure or reproach, contrary to GCR 1963, 953(2), and violated the standards and rules of professional responsibility adopted by the Supreme Court, contrary to GCR 1963, 953(4)."

On November 14, 1983, respondent not having answered the formal complaint, the commission examiner petitioned the commission for summary disposition of the charges against respondent. On December 8, 1983, respondent submitted a delayed answer to the formal complaint, answering each paragraph of the complaint by stating: "Respondent admits the allegations contained therein." Respondent also acquiesced in a summary determination of the charges against him.

Following a hearing held December 12, 1983, at which respondent did not appear, upon the statement of the examiner that all facts in the complaint were admitted by respondent, the commission recommended to this Court that respondent be removed from office and permanently enjoined from ever serving in a judicial office in this state.

## II

Among other things, RICO prohibits persons from using an "enterprise" to engage in a "pattern" of "racketeering activity", 18 USC 1962(c). Each act of racketeering activity, must be an act or threat involving murder, kidnapping, arson, robbery, bribery, extortion or narcotics which is punishable by imprisonment in excess of one year under state law. Racketeering activity can also be an act indictable under various specified federal felony statutes or involving certain types of fraud. 18 USC 1961(1). A pattern of racketeering activity is defined as at least two such acts within a ten-year period. 18 USC 1961(5).

A transcript of respondent's federal court trial has not been provided to this Court. Nor was a transcript of the trial ever considered by the commission or any testimony taken. The commission does not contend that those facts necessary to support respondent's convictions in federal court have been conclusively proven for the purpose of the present proceeding. Instead, the commission contends that respondent's convictions and the facts underlying them, as alleged in the indictment, constitute grounds for discipline because respondent has admitted both the fact of the convictions and the truth of the allegations in the indictment.

As previously noted, respondent's delayed an-

swer to the complaint admitted that the allegations contained therein were true. The commission accepted this answer as admitting that the facts alleged in the indictment were true. Before this Court, respondent contends that his answer admitted only the fact of his convictions and that the contents of the indictment, if true, would subject him to discipline. Respondent contends that he never admitted the truth of the allegations in the indictment against him. And with that claim we must agree. Because of the manner in which Formal Complaint No. 29 was drafted, respondent's answer, while admitting the convictions, did not admit as true the facts as alleged in the federal indictment. Respondent admitted that the facts as alleged in the indictment gave rise to discipline, but not that the facts alleged were true. As a result, we consider only those facts found by the commission which have been admitted, that respondent was indicted and has been three times convicted, and the legal conclusions that can be drawn from them.

## III

As a matter preliminary to determining the appropriate action to be taken, respondent asks us to consider the pendency of his appeal before the United States Court of Appeals for the Sixth Circuit. Respondent contends that no action by this Court should be taken until a decision from that court is rendered. Otherwise, respondent contends, should we remove him from office, and should the court of appeals then reverse or vacate his conviction, he will stand convicted of nothing and yet continue to suffer this Court's discipline, with a likely gubernatorial appointment filling his vacant office and precluding him from being reinstated.

Although that is possible, countervailing policies lead us to reject the invitation to delay our decision in this matter.

Article 6, § 30 of the Constitution of 1963 provides that on recommendation of the commission this Court "may censure, suspend * * *, retire or remove a judge for conviction of a felony".[1] Neither art 6, § 30 nor the court rules implementing it define a conviction as one which has been reviewed by a higher court. Case law predating the adoption of art 6, § 30, had already rejected such a claim.

Statutes enacted prior to the adoption of art 6, § 30 provided for the automatic vacancy of public offices when the person holding the office was convicted of an infamous crime. The general vacancy statute, MCL 201.3; MSA 6.693, provides:

"Every office shall become vacant on the happening of any of the following events, before the expiration of the term of such office:

\* \* \*

"5. His conviction of any infamous crime, or of any offense involving a violation of his oath of office".

In *Attorney General ex rel O'Hara v Montgomery,* 275 Mich 504; 267 NW2d 550 (1936), we faced the question of the effect of proceedings subsequent to convictions on this statute.

*Montgomery* involved Elmer O'Hara, the Wayne County Clerk, who had been convicted of bribery on November 4, 1935. His successor was appointed on December 4, 1935. On January 23, 1936, O'Hara's conviction was set aside by the judge at his trial, and a new trial was granted. The issue in

[1] GCR 1963, 932.4(b) provides that a judge is deemed guilty of misconduct if convicted of conduct constituting a felony under either Michigan or federal law.

this Court was the effect of the grant of a new trial on the automatic vacancy declared by the statute. It was held that the office of Wayne County Clerk was vacant upon O'Hara's conviction, the subsequent happenings notwithstanding:

"[T]he underlying principle is that the security of government depends upon respect for laws and the confidence of the people in public officers. The legislature has declared, in effect, that the confidence cannot extend to an officer convicted of a felony. Nor can the people generally have proper respect for laws if their officers treat the laws with indifference. The reason for the rule applies equally to one convicted under the Federal law and under the State law. [The act] does not say an officer may be removed from office. It does not provide that somebody must declare a vacancy therein exists. It establishes a legislative rule, a declaration that every office shall become vacant before the expiration of the term of such office upon the conviction of the incumbent of any infamous crime. When the incumbent of the office during the term thereof is convicted of any infamous crime, his office thereby becomes vacant.

"An innocent man who is unjustly convicted of a felony is doubly unfortunate, but that he may ultimately succeed in establishing his innocence does not entitle him in the meantime to hold on to a public office. The law allows an appeal for a conviction of felony, but if the person so convicted is the incumbent of a public office, these considerations do not weigh in favor of retaining him in that position pending an appeal." *Id.,* pp 512-513 (citations omitted).

The respect of the people for, and their confidence in, public officers, and particularly in judicial officers, is of no less concern today. We doubt that the people of this state, in adopting art 6, § 30, intended to stall the disciplinary process by requiring that appeals be exhausted before this Court may act. The people used the word "conviction" in art 6, § 30, and that word had already

been interpreted so as not to include proceedings subsequent to conviction. Respect for the judgment of the people and the need to foster their confidence in the judiciary necessitates that this Court act, notwithstanding respondent's pending appeal.

The only remaining issue is the appropriate response of this Court in the light of respondent's three felony convictions. Article 6, § 30, now grants this Court the discretion to impose an appropriate sanction. We now may censure, suspend, remove, or, in the appropriate case, retire a judge. But, although we now have a range of actions to take, only one satisfies the circumstances of this case.

A judge, at any level of the court system, presides at the focal point of the administration of justice. For that reason, a judge must be held to the highest standard of any public official. The conduct of a judge must conform not only to the Code of Professional Responsibility, but to the Code of Judicial Conduct.

The specific facts which led to respondent's convictions are not before us. However, we may draw legal conclusions. To be convicted under RICO, one must be found to have committed within the past ten years at least two acts of "racketeering activity", which is defined as an act or threat chargeable under state law as a felony or an act which constitutes a specified federal felony or involves certain types of fraud. Necessarily, respondent has been found by a jury to have conspired to commit at least two such acts and actually to have committed two such acts during the past ten years, in addition to an act of mail fraud. More importantly, all matters raised in the RICO counts of the indictment against respondent involved the use of his office for personal gain. It was legally impossi-

ble for the jury to convict respondent of two counts of RICO without concluding that respondent had conspired to, and in fact did, sell his office. We therefore conclude that respondent's felony convictions constitute misconduct in office and conduct that is clearly prejudicial to the administration of justice.

There may be a case, sometime, where the facts or law involved lead us to conclude that removal from office is inappropriate, notwithstanding that the judge has been convicted of a felony. There may be a case where censure or suspension is this Court's most appropriate action. This is not such a case. The number and seriousness of the crimes of which respondent has been convicted allows us only one response: respondent shall be removed from office forthwith.

## IV

Beyond removal from office, the commission recommends that respondent "be permanently enjoined from serving in any state judicial office in the future". We decline to adopt that recommendation.

In *In the Matter of Probert,* 411 Mich 210, 229, 238; 308 NW2d 773 (1981), we addressed our ability to permanently enjoin a judge from *holding* a future judicial office. While our decision in that case was not unanimous, all members of the Court agreed that it is not within the power of this Court to permanently enjoin a judge from holding judicial office under Const 1963, art 6, § 30. The majority opinion states:

"The four types of discipline § 30 empowers this Court to impose—censure, suspension, removal, and

retirement—do not appear to comprehend the permanent injunction sought here.[11]

---

"11 * * * Neither 'suspension' nor 'removal' connotes a *permanent* disqualification from office."

---

The minority opinion states: "We agree with the majority that a person cannot be permanently enjoined from holding judicial office".

The commission, however, does not recommend that we enjoin respondent from *holding* office, but rather, that we enjoin respondent from *serving* in office and that we do so under this Court's power of superintending control under Const 1963, art 6, § 4.

The Court has used the art 6, § 4 power of superintending control to indefinitely enjoin a judge from *serving* in office in the past. *In re Graham*, 366 Mich 268; 114 NW2d 333 (1962), *injunction issued* 25 Supreme Court Journal 109 (May 17, 1962). Since that time, the Constitution of 1963 has been adopted, and with it came a prohibition in art 6, § 4, against using the power of superintending control to remove a judge from office. That development led this Court in *Probert* to conclude "that § 4 does not comprehend the power to permanently enjoin a person from *holding* judicial office". *Probert, supra,* p 233.

Yet, the *Probert* majority reserved the question of whether the Court could enjoin a judge from *service* for a length of time beyond his term under § 4, but it did hold that it could do so under art 6, § 30.[2]

Because in this case we choose, by way of re-

---

[2] The majority did so by way of a suspension for a definite period which was longer than the remainder of the officeholder's term.

At no time has this Court pronounced its ability to permanently enjoin a person from serving in judicial office.

moval under art 6, § 30, to completely terminate all of the respondent's ties to his office, we think it would be speculative to consider at this time our authority to permanently enjoin respondent's ability to serve in an unspecified judicial office at an unspecified time. Furthermore, in view of the egregiousness of the offense of which respondent was convicted, the public attention to it, and the sanctions meted out by the sentencing judge and this Court, we are not so cynical about the electoral or appointive process that we are concerned about the respondent's re-entry upon the judicial scene.

### CONCLUSION

We agree with the commission that respondent's convictions, even though under appeal, constitute a "conviction of a felony" and that these convictions and the conclusions that can be drawn from them constitute "misconduct in office" and "conduct clearly prejudicial to the administration of justice" under art 6, § 30.

Therefore, under authority of art 6, § 30 of the Constitution of 1963, and pursuant to GCR 1963, 932.25, respondent, Evan Callanan, Sr., is hereby removed from the office of Judge of the 18th District Court. Pursuant to GCR 1963, 866.3, the clerk of the Court is ordered to issue final process immediately upon release of this opinion.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, CAVANAGH, and BOYLE, JJ., concurred with BRICKLEY, J.