YOUNG, J.
(concurring). I fully concur in the majority opinion. I write separately, however, to explain why I believe removal to be the appropriate sanction in this case.
The purpose of Judicial Tenure Commission proceedings is not the punishment of the judge, but to maintain the integrity of the judicial process and to protect the citizenry from corruption and abuse. As such, this Court’s primary concern in determining the appropriate sanction is to restore and maintain the dignity and impartiality of the judiciary and to protect the public.[1]
After reviewing the evidence in this case, I believe that the evidence establishes respondent was intoxi *17 cated at the time of the collision. Respondent left the scene of the accident and constructed several inconsistent explanations in order to avoid criminal responsibility for his intoxicated driving. More egregious, respondent also lied under oath during the course of the Judicial Tenure Commission investigation, presumably in order to avoid judicial disciplinary consequences.
Our judicial system has long recognized the sanctity and importance of the oath.[2] An oath is a significant act, establishing that the oath taker promises to be truthful. As the “focal point of the administration of justice,”[3] a judge is entrusted by the public and has the responsibility to seek truth and justice by evaluating the testimony given under oath. When a judge lies under oath, he or she has failed to internalize one of the central standards of justice and becomes unfit to sit in judgment of others.
Certainly, Judicial Tenure Commission proceedings are intended to be remedial, not penal.[4] The vast majority of misconduct found by the Judicial Tenure Commission is not fatal; rather, it reflects oversight or poor judgment on the part of a fallible human being who is a judge. However, some misconduct, such as lying under oath, goes to the very core of judicial duty and demonstrates the lack of character of such a person to be entrusted with judicial privilege.
*18 Where a respondent judge readily acknowledges his shortcomings and is completely honest and forthcoming during the course of the Judicial Tenure Commission investigation, I believe that the sanction correspondingly can be less severe. However, where a respondent is not repentant, but engages in deceitful behavior during the course of a Judicial Tenure Commission disciplinary investigation, the sanction must be measurably greater. Lying under oath, as the respondent has been adjudged to have done, makes him unfit for judicial office.
It is for these reasons that I support respondent’s removal from office.
Taylor, C.J., and Corrigan, J., concurred with Young, J.

 In re Jenkins, 437 Mich 15; 465 NW2d 317 (1991); In re Ferrara, 458 Mich 350; 582 NW2d 817 (1998).

 See June v School Dist No 11, 283 Mich 533, 537; 278 NW 676 (1938) (An oath is “ ‘[a]n external pledge or asseveration, made in verification of statements made, or to he made, coupled with an appeal to a sacred or venerated object, in evidence of the serious and reverent state of mind of the party, or with an invocation to a supreme being to witness the words of the party, and to visit him with punishment if they be false.’ ”) (citation omitted).

 In re Callanan, 419 Mich 376, 386; 355 NW2d 69 (1984).

 In re Probert, 411 Mich 210; 308 NW2d 773 (1981).