Bell, J.
 

 The judgment entry of the Court of Appeals recites that “there is error apparent upon the record and the proceedings of said court to the prej
 
 *502
 
 udice of the appellant, C. K. Elliott.” However the entry made no specific finding of error in the trial. In its opinion, the court enumerates two errors prejudicial to the rights of Elliott.
 

 The first related to the court’s charge on the subject of “admissions.” The court charged the jury that “any admissions contained in these pleadings, however, you may accept as true without further proof.” The Court of Appeals concluded that the quoted sentence was prejudicially erroneous for the reason that it was not limited to the party making such “admissions.”
 

 . The record discloses that at the conclusion of the general charge the court said, “Now, do counsel have any further requests or suggestions? (Nothing.)” Further, no exception to the general charge was taken by counsel for Elliott. In view of those facts the charge as to “admissions” cannot be deemed prejudicial.
 

 Secondly, the Court of Appeals in its opinion says:
 

 “As hereinbefore mentioned, the pleadings raise no issue of fraud and there was no issue of fraud raised by the evidence. Consequently the court erred in the submission of this issue to the jury and this error was prejudicial to the defendant Elliott and constituted reversible error.”
 

 As pointed out in the statement of facts, it is alleged in the amended petition, as follows:
 

 “The plaintiff avers and believes that the defendant, C. K. Elliott, was at the time of said sale and delivery of sáid cattle the creditor of the defendant, A. J. Sheipline, and that said parties adopted said method so as to cheat and defraud this plaintiff and. other farmers of Allen county, Ohio, and surrounding territory out of their money in order that the defendant, C. K. Elliott, might receive the full amount of any money owing him by defendant, A. J. Sheipline.”
 

 
 *503
 
 The evidence makes clear that plaintiff was given a check for $627.55 which was returned because of “insufficient funds,” and that the plaintiff was never paid for the cattle.
 

 Upon the subject of fraud the court charged the jury:
 

 “The plaintiff has charged that the defendants entered into a conspiracy to defraud him of his property. The jury, however, will disregard the charge of conspiracy for there is no evidence to support the same. The plaintiff also charges that the defendants were guilty of fraud. Fraud is a civil wrong. The term admits of no positive definition and cannot be controlled in its application by fixed and rigid rules. It is sometimes said to consist of any kind of artifice employed by one person to deceive another or some wilful act or omission, which is unconscientious and a violation of good faith, and by which one person obtains an undue advantage over another. By fraud is meant all surprise, trick, cunning, dissembling, and other unfair ways that are used to cheat another. It is a deception deliberately practiced with a view to gaining unlawful or unfair advantage. Fraud ihvolves moral guilt of intention to do wrong.
 

 “The burden of proof is upon the plaintiff in this case to prove such fraud and by a preponderance of the evidence. If upon a consideration of all of the evidence the jury finds, by a preponderance of 'the evidence, that there was such fraud then the plaintiff is entitled to recover a verdict against such defendant, or defendants, as participated in the fraud.”
 

 Section 710-176, General Code, provides in part as follows:
 

 “As against the maker or drawer thereof, t*he making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be
 
 prima facie
 
 evidence of intent to defraud, and
 
 *504
 
 knowledge of insufficient funds in, or credit with, such bank or other depository. The word ‘credit’ as used herein shall • be construed to mean any contract or agreement with the bank or depositary for the payment of such check, draft or order, when presented.”
 

 We think the amended petition tendered an issue of fraud; that proof of the giving of the check, upon which payment was refused for the reason of “insufficient funds,” made out a
 
 prima facie
 
 case of fraud against Sheipline; and that,- if the jury concluded such defendant was the agent of Elliott and Sheipline was acting under the direction of Elliott in the signing and delivery of the check, the jury would have been warranted in finding against Elliott upon that issue. ■
 

 The charge upon the subject of fraud was proper and the Court of Appeals erred in concluding that the charge upon that subject was improper.
 

 Section 11364, G-eneral Code, reads in part as follows :
 

 “In the judgment of any reviewing court upon any appeal in any civil .action, when it is sought to reverse any final judgment or decree or obtain a hew trial upon the issues joined in the pleadings, such reviewing court shall certify on its journal whether or not in its opinion substantial justice has been done the party complaining, as shown by the record of the proceedings and judgment under review. In case such reviewing court shall ■ determine and certify that in its opinion substantial justice has been done to the party complaining as shown by the record, all alleged errors occurring at the trial shall by such reviewing court be deemed not prejudicial to the party complaining and shall be disregarded and such judgment or decree under review shall be affirmed * *
 

 After a careful reading of the record, we conclude that substantial justice was done in the trial court and that the Court of Appeals erred in failing to affirm
 
 *505
 
 that judgment, in conformity to the provisions of Section 11364, General Code.
 

 The judgment of the Court of Appeals should be and hereby is reversed and the judgment of the Court of Common Pleas should be and hereby is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Sohngen, JJ., concur.