HOUSEHOLD FINANCE CORP., APPELLANT, *v.* ALTENBERG, APPELLEE.

[Cite as Household Finance Corp. v. Altenberg, 5 Ohio St. 2d 190.]

(No. 39500—Decided March 2, 1966.)

*Mr. Edward J. Utz* and *Mr. Lloyd R. Mowery,* for appellant.

*Messrs. White, Rockwern & Getgey* and *Mr. John J. Getgey, Jr.,* for appellee.

MATTHIAS, J. The sole question raised by this appeal is whether a plaintiff must prove fraud under Section 35(2), Title 11, U. S. Code, by clear and convincing evidence. Both the courts below have so held.

Section 35(2), Title 11, U. S. Code, a part of the Bankruptcy Act, reads, in pertinent part:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing

respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive * * *.''

A debt discharged by bankruptcy is not extinguished. However, the debtor has a perfect defense to any action upon the debt, unless an exception is applicable. Section 35(2), Title 11, U. S. Code, provides such an exception. Therefore, a discharge in bankruptcy does not relieve a defendant from liability on his promissory note, where the debt for which the note was given was created in reliance upon a materially false statement in writing made by such defendant for the purpose of obtaining such credit from plaintiff.

Plaintiff herein has asserted just such an occurence in its petition. In so doing it has set forth a cause of action of fraud, and by so doing must bear the burden of proving fraud by the requisite degree.

"Fraud is a civil wrong" (*Place* v. *Elliott,* 147 Ohio St. 499, 503), and "there is no doctrine of the law settled more firmly than the rule which authorizes issues of fact in civil cases to be determined in accordance with the preponderance or weight of the evidence." *Jones Stranathan & Co.* v. *Greaves,* 26 Ohio St. 2, 4. See, also, *Rice* v. *City of Cleveland,* 144 Ohio St. 299.

Defendant, however, maintains that the fraud alleged by plaintiff must be firmly established by a higher degree of evidence, evidence that is clear and convincing. In support of this, defendant cites many cases so holding. Without indulging in detail, suffice it to say that such a degree of evidence has indeed been required by this court in many instances where fraud was alleged. However, upon closer examination, it becomes apparent that in the vast majority of such instances the cause of action involved was an equitable one to set aside or rescind a written document. In that class of cases, a court does require clear and convincing evidence as a prerequisite to granting a decree dissolving the legal effect of a solemnly executed written document.

In the instant case, plaintiff indeed relies upon a written document, a financial statement signed by defendant. However, plaintiff does not seek to rescind or reform this document as defendant contends. This case is a civil action for money only.

It does not fall into the category of equitable actions discussed above. Therefore, the following proposition of law controls:

"On the trial of a civil action wherein the claim or defense is based on an alleged fraud, the issue may be determined in accordance with the preponderance or weight of evidence, whether the facts constituting the alleged fraud do, or do not, amount to an indictable offense." Syllabus of *Jones Stranathan & Co.* v. *Greaves, supra.* More specifically, we approve paragraph one of the syllabus in *Severns, Exr.,* v. *Boylan,* 75 Ohio App. 15, wherein Judge Matthews stated for a unanimous court:

"In an action for equitable relief, such as to set aside or reform a written contract, or to remove a cloud on the ground of fraud, it seems that clear and convincing evidence of the fraud is required, but in the ordinary action at law based on fraud only a preponderance is required." See, also, *Place* v. *Elliott, supra,* where, in a civil action for money only, plaintiff alleged that defendant cheated and defrauded him with a check returned because of insufficient funds. The trial court charged that "the burden of proof is upon the plaintiff in this case to prove such fraud and *by a preponderance* of the evidence" (emphasis added), and this court held that such charge was correct. See, also, 25 Ohio Jurisprudence 2d 63, Section 242.

In addition, persuasive practical considerations intervene to prevent this court from expanding the clear and convincing rule to cases not equitable in nature. The term, "clear and convincing," has a well defined meaning with the bench and bar. It indicates a degree of evidence required in a special type of civil case that is less than the degree required in a criminal case but more than that required in an ordinary civil action. However, this definition by itself is meaningless to a jury. The multiplication of theories prerequisite to a sufficient explanation of "clear and convincing" would operate to mislead and confuse rather than assist a jury, for it would be presented with definitions of two degrees of evidence and would be instructed in regard to another (*i. e.,* clear and convincing) somewhere in between as the yardstick for the case at hand. Such needless confusion is not the law in Ohio. See *Merrick* v. *Ditzler,* 91 Ohio St. 256, 267, opinion by Nichols, C. J.

Therefore, we hold that in a cause of action to recover

194

money loaned in reliance upon a materially false statement in writing respecting the financial condition of the borrower, the degree of evidence required in proving fraud pursuant to Section 35(2), Title 11, U. S. Code, is by a preponderance of the evidence.

The judgment of the Court of Appeals is reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT and BROWN, JJ., concur.