WEISS, APPELLEE, ET AL., *v.* KEARNS, APPELLANT, ET AL.

(No. 40407—Decided July 5, 1967.)

*Mr. Sidney N. Weitz, Mr. Gerald A. Doyle* and *Messrs. Rini & Hecht,* for appellee.
*Mr. Edwin F. Woodle,* for appellant.

O'NEILL, J. The first question to be determined is: Where, in an action seeking an injunction to restrain the enforcement of a judgment, there is an issue of fraud, must that issue be sustained by clear and convincing evidence?

The journal entry of the trial court reads in part:

" * * * At the close of plaintiff's case in chief, defendant Kearns moved for judgment in his favor on the ground that the evidence failed to sustain the material allegations of the petition in that * * * [the evidence] was neither clear nor convincing as to the issue of fraud. Upon consideration and after hear-

ing counsel in oral argument, the court finds upon the issues joined and the evidence that plaintiff failed to sustain her allegations of fraud by clear or convincing credible evidence whereby defendant's motion for judgment should be granted."

On July 15, 1965, the Court of Appeals, in a "Memorandum to Lawyers," stated in part:

"It follows then that where an action in equity is being tried before a court rather than a jury and the evidence adduced by the plaintiff is not clear and convincing, the court may, upon motion of the defendant, dismiss the action at the close of the plaintiff's evidence."

The Court of Appeals allowed a motion for reconsideration on November 10, 1965, and reversed its position asserted in its Memorandum of July 15, 1965. A second "Memorandum to Lawyers," dated April 28, 1966, reads in part as follows:

"An analysis of the lower court's journal entry discloses that rather than ruling that clear and convincing evidence is necessary to sustain an extraordinary remedy such as an injunction, the court held that clear and convincing evidence must be shown to determine the issue of fraud.

"The Supreme Court of Ohio in its most recent decision on the subject in question has ruled that in an ordinary action at law based on fraud, only a preponderance of evidence is required. *Household Finance Co.* [*Corp.*] v. *Altenberg*, 5 Ohio St. 2d 190. * * *

" * * *

"In those cases which have held that it was necessary to establish fraud by clear and convincing evidence, a close examination of the facts in the vast majority of them will show that the actions were brought to set aside a written document in an equitable action. In such a fact situation a court might indeed require clear and convincing evidence."

On June 23, 1966, the Court of Appeals reversed the judgment of the Common Pleas Court and remanded the cause to that court.

The Court of Appeals was in error in its application of the rule of law stated by this court in *Household Finance Corp.* v. *Altenberg, supra* (5 Ohio St. 2d 190). The syllabus in that case reads:

"In an action for equitable relief based on fraud, such as to set aside or reform a written document, clear and convincing evidence of the fraud is required, but, in an ordinary action at law for money only based on fraud, a preponderance of the evidence is sufficient to prove such fraud."

The instant cause is an equitable action seeking an injunction to restrain the defendant from enforcing a judgment.

The basis of plaintiff's claim for an injunction is fraud based upon the allegation that certain representations were made to her by the defendant, an attorney, with the intention that she rely upon them, that she did rely upon them, and, by reason thereof, failed to retain counsel to make a defense to said action, and that, by reason thereof, a default judgment was secured by the defendant in violation of his representation that said action would be dismissed.

The plaintiff seeks to set aside, in effect, the judgment which the defendant secured against her by asking the court to restrain the defendant from enforcing that judgment.

In an action for equitable relief based upon fraud, to set aside a judgment, clear and convincing evidence of fraud is required, just as clear and convincing evidence of fraud is required to set aside or reform a written document.

Plaintiff alleges two separate "settlement agreements" made with the defendant with respect to his claim for counsel fees.

The first "settlement agreement" is in the form of a written release given by the defendant to the plaintiff for the sum of $5,000. Plaintiff alleges that a check for $5,000 was delivered to the defendant "and accepted * * * with the understanding and knowledge that the plaintiff * * * did not have sufficient funds in the bank to cover said check and that by reason thereof she might pay the sum represented by said check in installments in the future as she was able so to do."

Upon the trial of the case, plaintiff offered in evidence the release signed by the defendant upon the receipt of plaintiff's $5,000 check. The plaintiff also offered the check in evidence which disclosed that the plaintiff had stopped payment thereon. The plaintiff then attempted to offer evidence with reference to the alleged "understanding and knowledge that

the plaintiff * * * might pay the sum represented by said check in installments in the future as she was able so to do.''

The trial court rejected this evidence as it was an attempt on the part of the plaintiff to vary and contradict the terms of a written agreement.

Upon appeal, the plaintiff did not allege error on the part of the trial court in refusing to receive evidence offered in support of that allegation of the plaintiff's petition. There is, therefore, no evidence in the record of the payment of the $5,-000, and the only evidence in the record with regard to this written release is that the plaintiff and the defendant entered into an agreement of release and the plaintiff tendered a check for $5,000 in accordance with that agreement to the defendant and then stopped payment upon that check. So it stands undisputed in the record that the plaintiff failed to perform the terms of that agreement.

The second ''settlement agreement'' upon which the plaintiff relies is based upon evidence offered by the plaintiff at the trial of the case by the testimony of Joseph Mittermiller, an employee of the plaintiff. This testimony concerned an alleged oral agreement entered into in the course of a telephone conversation between the defendant and the witness. The witness testified that the agreement was that the defendant would accept a payment of $2,500 by plaintiff on account to be made immediately, and $250 a month thereafter, and the defendant would dismiss the suit. The $2,500 was paid by the plaintiff to the defendant on October 26, 1954. No payment of $250 was made in November, one payment of $250 was made in December. The defendant then secured his judgment for counsel fees in December and thereafter a payment of $500 was made in February 1955. No payment was made or tendered by the plaintiff thereafter until immediately after the filing of this action in 1958.

From the evidence in the record the plaintiff did not perform her obligation under this ''settlement agreement.'' This agreement is, in effect, an accord and satisfaction. The plaintiff admits that $1,750 of the alleged amount of the settlement of $5,000 remained unpaid from 1954 to 1958, so that no satisfaction was ever performed by the plaintiff and no reason or excuse appears in the record for the plaintiff having failed to perform under the alleged ''settlement agreement.''

The errors alleged by the plaintiff in the cross-appeal are without merit. The holding of the trial court that the plaintiff failed to sustain the allegation of fraud in her petition by the required degree of clear and convincing evidence is sustained by the record, and the trial court was correct in requiring that degree of evidence. *Household Finance Corp.* v. *Altenberg, supra* (5 Ohio St. 2d 190).

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

TAFT, C. J., STRAUB, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.

STRAUB, J., of the Sixth Appellate District, sitting for ZIMMERMAN, J.