**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lawrence W. BERMAN, Marilyn Berman, and Forex Corporation, Defendants–Appellants.**

**No. 88–3803.**

United States Court of Appeals, Sixth Circuit.

Argued July 25, 1989.

Decided Sept. 7, 1989.

Albert Richter, Office of the U.S. Atty., Columbus, Ohio, Gary R. Allen, Acting Chief, William S. Rose, Jr., Asst. Atty. Gen., Murray S. Horwitz (argued), William S. Estabrook, U.S. Dept. of Justice, Tax Div., Washington, D.C., for plaintiff-appellee.

William H. Bluth (argued), Columbus, Ohio, for Lawrence W. Berman.

Lawrence W. Berman, Columbus, Ohio, pro se.

Marilyn Berman, Columbus, Ohio, pro se.

Before MERRITT and NELSON, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

The Appellants ("the Bermans") appeal the district court's determination reducing to judgment the government's income tax assessments, interest, and penalties and setting aside two real estate conveyances as being fraudulent. The Bermans assert, *inter alia*, that this action is barred by the applicable statute of limitations, that the district court erred in finding fraud in the conveyances, that the government was collaterally estopped from asserting fraud, and that the court erred in rejecting the Bermans' claim that notice and demand were necessary for maintaining an action for collection of a deficiency assessment. We find merit in none of the Bermans' contentions and, accordingly, affirm the judgment of the district court.

## STATEMENT OF FACTS

On September 30, 1975, the Internal Revenue Service (IRS) received the Bermans' joint tax return for the year ending December 31, 1972, which reported a tax liability of $67,368.[1] No payment, however, was submitted with the return.[2] On November

---

[1] At trial, Mr. Berman testified that the return was filed in 1973. Joint Appendix at 104–05. The government contended that the return was filed in 1975, after the last extension for filing had expired. Joint Appendix at 170. Apparently, however, the government did not assert in the proceedings below that the return was overdue.

[2] Mr. Berman testified that, at the time he filed the 1972 return, he did not believe that he still owed the 1972 tax "because in the subsequent

3, 1975, the Bermans were assessed $101,-323.97 for unpaid taxes, interest, and penalties for the 1972 tax year.

On January 21, 1976, Mr. Berman transferred certain real property he owned (the Alum Creek property) to Forex Corporation (Forex), the shares of which were wholly owned by Mr. Berman at the time of the transfer. On the same date, the Bermans also transferred their jointly-owned residence (the Haddon Road property) to Forex. Following the transfers, the Bermans continued to reside at the Haddon Road residence and continued to pay real estate taxes on both properties. Mr. Berman's father also continued to operate a business on the Alum Creek property following the conveyance to Forex without paying rent to Forex. Later in 1976, Mr. Berman transferred his shares of Forex to his sister.

The IRS audited the Bermans' 1972 tax return and found that they had understated their tax liability by $27,936. On July 11, 1978, the IRS made a deficiency assessment against the Bermans which, with interest and penalties, amounted to $44,-749.45.

On April 5, 1976, the government filed a notice of federal tax lien on all property owned by the Bermans. The basis of this lien was the November 3, 1975 assessment. On December 21, 1977, the government filed another notice of federal tax lien on all property of "Forex Corporation, Nominee of Lawrence M. and Marilyn L. Berman." This lien, which also was based on the November 3, 1975 assessment, specified the Alum Creek and Haddon Road properties. On August 4, 1978, the government filed two additional notices of federal tax lien—one on the property of the Bermans, the other on the property of Forex—in the amount of $44,749.45 each, the basis of which was the July 11, 1978 deficiency assessment.

In 1980, Railroad Savings and Loan, a creditor of the Bermans, filed suit in state court to foreclose on its first-lien mortgage on the Haddon Road property. The suit named the Bermans and the United States as defendants. The state court found that the federal tax liens were invalid. The government filed a motion to set aside this determination, which was denied, but did not appeal the ruling.

On October 29, 1981, the government filed this action in federal district court to reduce the 1975 assessment and the 1978 deficiency assessment to judgment, to foreclose on the tax liens, notice of which it had filed, and to set aside as fraudulent the Bermans' conveyances to Forex of the Alum Creek and Haddon Road properties.[3] The district court held that notice and demand are prerequisites to the creation of a federal tax lien *and* to the maintenance of a civil action by the government to reduce tax assessments to judgment. Because the court found that such notice and demand were not given here, the court denied relief to the government. On appeal, this court reversed the district court's holding and remanded, *United States v. Berman*, 825 F.2d 1053 (6th Cir.1987) (*Berman I*), determining that notice and demand are not prerequisites to the maintenance of a civil action to reduce tax assessments to judgment.[4]

On remand, the Bermans contended that, even if, as this court held on appeal, notice and demand were not necessary prerequisites to reducing the assessments to judgment, this action was barred because the assessments were not properly made and the action to collect the taxes was not filed within three years of the date on which the return was filed. The Bermans rely on 26 U.S.C. § 6501(a) for this proposition. The government contended that while the action was timely filed, in any event, the Bermans could not rely on the limitations

tax year to this return, I took substantial losses, and I thought they would offset any tax due the IRS." Joint Appendix at 105. This assumption on Mr. Berman's part was in error.

**3.** At argument it was conceded that, in fact, the prior foreclosure by Railroad Savings and Loan of its first-lien mortgage on the Haddon Road

property left nothing for the government with respect to that property.

**4.** In *Berman I,* the government did not appeal the district court's refusal to enforce the federal tax liens.

defense because they had not asserted this defense when the case was first before the district court. The district court agreed with the government that it should not entertain the statute of limitations defense since it was not asserted until the case was before it on remand.

The district court also set aside the real property transfers to Forex, finding them constructively and actually fraudulent, contrary to the Bermans' contention that the evidence did not support such findings.

The Bermans also contended, on remand, that while it was not necessary to provide notice and make demand for payment to maintain an action to reduce an assessment to judgment, such notice and demand were necessary to reduce the *deficiency* assessment to judgment. The government asserted that the Bermans' contention was in conflict with the finding of this court on appeal, and the district court agreed, pointing out that this court had drawn no distinction, for this purpose, between an assessment and a *deficiency* assessment.

The district court thereupon granted relief to the government in the amount of $126,124.09, representing unpaid taxes, interest, and penalties attributable to the November 3, 1975 assessment (minus a credit conceded by the government) and the amount of the deficiency attributable to the July 11, 1978 assessment. The court did not, contrary to the government's request, include in the judgment the interest and penalty associated with the 1978 deficiency assessment. The Bermans now appeal these determinations by the district court on remand.

## DISCUSSION

The Bermans assert a number of contentions on appeal which we address in turn.

### The Statute of Limitations

Under 26 U.S.C. § 6501(a),[5] the government must assess the tax within three years after the return is filed and, if an assessment is not timely made, the government cannot maintain an action to collect the tax after the three years have expired. If the assessment was made within its period of limitation, § 6502(a)(1)[6] provides that an action to collect the tax may be brought within six years of the assessment. The Bermans contend that the *assessments* in this case were not properly made due to lack of adequate notice and demand, and that, therefore, they were entitled to rely on the three-year statute of limitations of § 6501(a), which had expired when this action was filed. The government contends, on the contrary, that notice and demand are not prerequisites to a valid assessment, that valid assessments were made within three years of the filing of the return, and that, therefore, the action was timely filed within the six-year period allowed by § 6502(a)(1). The government contends that, in any event, the district court correctly decided, on remand, that the Bermans should not be allowed to rely on the limitations defense since they did not assert it when the case was first before the district court.

During the original district court consideration of this matter, the government asserted in its post-trial brief that lack of notice and demand "does not invalidate the assessment." Joint Appendix at 30. In response to this contention, the Bermans failed to assert that the proper notice and demand were prerequisites to a valid assessment, that there was no such notice and demand, and therefore the three-year limitations statute applied. On appeal in *Berman I,* this court declined to address the statute of limitations issue because the

---

**5.** 26 U.S.C. § 6501(a) provides:
Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) ... and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

**6.** 26 U.S.C. § 6502(a)(1) provides:
Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—(1) within 6 years after the assessment of the tax....

"[d]efendants did not perfect an appeal from the trial court's judgment" and because "it appears that this argument is being raised for the first time on appeal." *Berman I*, 825 F.2d at 1056 n. 3.[7] The district court on remand held that the earlier failure of the Bermans to raise the statute of limitations defense in their post-trial brief prevented them from asserting this defense on remand.

The Bermans now contend that the district court abused its discretion in refusing to allow them to amend their pleadings to include the statute of limitations defense, in violation of "the spirit of" Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent and leave shall be freely given when justice so requires." The record before this court shows that the Bermans never actually moved for leave to amend their pleadings pursuant to Rule 15(a). Nonetheless, since the parties treat this issue as one of a denial of a motion to amend, we do likewise. Since the denial of a motion for leave to amend is reviewed under the abuse of discretion standard, *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir.1973), *cert. denied*, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974), we shall review the district court's refusal to address the statute of limitations defense under the same standard.

The Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), stated that leave to amend pursuant to Rule 15(a) shall be "freely given" absent "any apparent or declared reason—such as ... repeated failure to cure deficiencies by amendments previously allowed...." In this case, the district court determined that the Bermans were barred from asserting the statute of limitations defense on remand because they had failed to raise it in response to the government's assertion in its post-trial brief that notice and demand were not necessary to a valid assessment. In effect, therefore, the district court refused to allow amendment of the Bermans' defenses because they had failed to cure this deficiency when they had the opportunity. The district court, therefore, declared a reason for its refusal and we believe the court did not, on this record, abuse its discretion in so ruling.

### The Conveyances to Forex

The Bermans next contend that the district court erred in concluding that the transfers of the Alum Creek and Haddon Road properties were fraudulent. The court found that the transfers were both actually and constructively fraudulent.[8]

The district court found actual fraud in the transfers of the Alum Creek and Haddon Road properties by the Bermans to Forex, in violation of Ohio Revised Code § 1336.07. That section defines actual fraud as follows:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present or future creditors.

In an action to set aside a conveyance based on actual fraud, clear and convincing evidence is required. *Household*

7. The *Berman I* court also stated that "[o]ur understanding of the trial court's opinion is that the court did find that proper assessments were made. This understanding is based not only upon a reading of the opinion, but, under the trial court's reasoning, if proper assessments had not been made there would have been no reason for the court to go on to rule that notice of assessment and demand for payment had not been made." *Berman I*, 825 F.2d at 1056 n. 3.

8. The district court found the conveyances to be constructively fraudulent under Ohio Revised Code § 1336.04. That statute defines constructive fraud as occurring when a conveyance renders the person making the conveyance insolvent and when fair consideration is not given. The district court determined that fair consideration was not given by Forex in exchange for the properties and that the Bermans had failed to prove their solvency following the transfers. The Bermans contend that the district court erroneously placed upon them the burden of proving their solvency. It is not necessary for this court to address the issue of constructive fraud, however, since we believe the district court did not err in finding actual fraud.

922

*Fin. Corp. v. Altenberg,* 5 Ohio St.2d 190, syllabus at 1, 214 N.E.2d 667 (1966). This was recognized by the district court. Because of the difficulty of obtaining direct evidence of actual fraud, inferences can be drawn from the circumstances surrounding the transaction in order to prove actual fraud. *Stein v. Brown,* 18 Ohio St.3d 305, 308, 480 N.E.2d 1121, 1124 (1985); *In re Maston,* 44 B.R. 880, 882 (Bankr.S.D.Ohio 1984); *In re Poole,* 15 B.R. 422, 431–32 (Bankr.N.D.Ohio 1981). These "indicia" or "badges of fraud" include "inadequate consideration; transfer of the debtor's entire estate; the debtor's insolvency as a result of the transfer; the relationship of the parties to the transfer; the reservation of an interest in the transferred property; and a threat or pendency of litigation." *Cardiovascular & Thoracic Surgery v. DiMazzio,* 37 Ohio App.3d 162, 166, 524 N.E.2d 915, 918 (Ohio Ct.App.1987).

■ At trial, Mr. Berman testified (1) that Forex was not actively transacting business immediately before or after the transfers; (2) that, after the conveyances, Forex very probably had no assets other than the Alum Creek and Haddon Road properties; (3) that Forex had no employees other than Mr. Berman and that he did not receive salary or dividend income from Forex; (4) that Mr. Berman was aware that he had not paid any of the liability reported on his 1972 tax return; (5) that Mr. Berman's father continued to operate a business on the Alum Creek property after its transfer to Forex, without paying rent to Forex; (6) that Mr. Berman personally continued to pay the real estate taxes on the Alum Creek and Haddon Road properties following the transfers to Forex; (7) that the articles of incorporation of Forex were cancelled by the State of Ohio some time in 1977; and (8) that in 1976, Mr. Berman transferred his shares of Forex to his sister.

Considering the evidence upon which the district court relied, we believe the district court did not clearly err in inferring actual fraud from these indicia.

### Collateral Estoppel

The Bermans next contend that the government should have been precluded from raising the issue of whether the property conveyances were fraudulent because that issue "could and should have been litigated in state court" in the suit brought by Railroad Savings against the Bermans and the government. In that proceeding, the court found that the federal tax liens against the Haddon Road property were invalid, apparently because the court determined that the property had been conveyed to Forex before the government's lien was filed. In its motion to set aside the state court judgment, however, the government, according to the Bermans, actually raised the alternative argument that the conveyances to Forex were fraudulent. On the one hand, therefore, the Bermans contend in their brief that the government should have made the fraud assertion in the state court and, at the same time, also contend that it was made and was overruled. Our record does not show the basis for the denial of the government's motion to set aside the judgment in state court. Although we are uncertain as to whether state court actually addressed the issue of fraudulent conveyance, we will nevertheless consider the Bermans' collateral estoppel argument.

■ Collateral estoppel applies (1) when the issue presently asserted was actually litigated in an earlier trial, (2) when it was actually and necessarily determined by a court of competent jurisdiction, and (3) when preclusion in the second trial does not work an unfairness. *Otherson v. Department of Justice, I.N.S.,* 711 F.2d 267, 273 (D.C.Cir.1983). Unfairness can result when "the party to be bound lacked an incentive to litigate in the first trial." *Id.* See also *Crowder v. Lash,* 687 F.2d 996, 1010 (7th Cir.1982). Here, the government argues that it did not have an incentive to adequately litigate this issue in the state trial since the proceeds from the sale of the Haddon Road property would have been exhausted after distribution to Railroad Savings, which held a priority lien. Moreover, the issue of whether the conveyance of the Haddon Road property, which was the concern of the state court proceeding, was fraudulent is distinct from the issue of

 

fraud with respect to the Alum Creek conveyance. Accordingly, we find that the Bermans' collateral estoppel argument is without merit.[9]

### The 1978 Deficiency Assessment

The Bermans also contend that this court's holding in *Berman I* that notice and demand were not necessary for an action to reduce the 1975 assessment to judgment is inapplicable to the 1978 *deficiency* assessment. The Bermans cite 26 U.S.C. § 6213(a)[10] as support for their contention that notice is required after a deficiency assessment before the assessment may be reduced to judgment.[11] This contention was made on remand to the district court and the district court overruled the contention pointing out that this court in *Berman I* made no such distinction between an action to reduce an assessment to judgment and an action to reduce a *deficiency* assessment to judgment. The Bermans assert in their brief in support of this appeal that: "[t]his issue has been diligently pursued throughout this litigation...." Brief for Appellants at 19. Thus, the Bermans concede that they presented this very contention to this court in *Berman I;*

therefore, this contention was overruled. We therefore conclude that this court's prior ruling on this issue is the law of the case. *See Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir.1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986).[12]

### CONCLUSION

In sum, we conclude that the district court was within its discretion in refusing to entertain the Bermans' statute of limitations argument, that the court did not err in finding actual fraud in the conveyances to Forex, that the government was not collaterally estopped from asserting that the conveyances were fraudulent, and that the court correctly rejected the Bermans' contention that notice and demand were necessary for reduction of the deficiency assessment to judgment.

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

9. Res judicata is also inapplicable as there was no adjudication between the present parties in the state trial since both the government and the Bermans were defendants in the state action and neither filed a cross-claim against the other. *See American Triticale, Inc. v. Nytco Serv., Inc.,* 664 F.2d 1136, 1147 (9th Cir.1981).

10. 26 U.S.C. § 6213(a) provides:

Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852 or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90–day or 150–day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning

of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.

11. Contrary to the Bermans' contention, § 6213(a) does not require notice of a deficiency assessment before the assessment can be reduced to judgment. That section instead deals with the notice required so that a taxpayer may petition for a redetermination of the deficiency assessment.

12. The Bermans also contend that the district court erroneously awarded interest and penalties attributable to the 1978 deficiency assessment which had been specifically excluded in the original district court decision. However, the final amount awarded by the district court on remand was $126,124.09, which, the court stated, "does not include two other assessments of July 11, 1978, for $6,984.00 and $9,829.45, which this Court had determined had not been sufficiently established." Joint Appendix at 213–14.