985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Rodolphe HUART, Plaintiff-Appellant,
v.
FIFTH THIRD BANK OF TOLEDO, N.A. Group Medical Plan; First
Ohio Bancshares, Inc., Employees Retirement Plan # MP 1275;
Fifth Third Bank of Toledo, NA, Administrator, also known as
First National Bank of Toledo, Defendants-Appellees.
 
 1
 No. 92-3486.
 
 
 2
 United States Court of Appeals, Sixth Circuit.
 
 
 3
 Feb. 2, 1993.
 
 
 4
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 5
 Rodolphe Huart, proceeding with the assistance of counsel, appeals from an order of the district court denying his renewed motion to file an amended complaint in an action brought under the Employment Retirement Income Security Act of 1974 (ERISA). The parties have waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Huart seeks to amend his complaint in order to argue what damages resulted from the trustee-defendants' alleged breach of fiduciary duty and conversion. Huart received monthly retirement benefits as a result of an employee retirement benefit plan. His employer (Fifth Third Bank) at the time of his retirement provided free medical coverage. However, a subsequent policy change required Huart to contribute 10% toward the cost of the family portion of his medical coverage. Fifth Third reduced Huart's pension check by the amount owed to the Bank for the medical coverage. Huart objected and filed suit.
 
 
 7
 The district court granted defendants' motion for summary judgment and denied Huart's motion to file an amended complaint on the ground that his motion to amend was rendered moot by the award of summary judgment. Huart appealed the district court's grant of summary judgment in favor of defendants. He did not assign as error the district court's ruling denying him leave to amend his complaint. This court held that Fifth Third's automatic deduction of the 10% contribution for medical coverage, without Huart's express permission, was a technical violation of ERISA. However, since Huart legitimately owed the money to Fifth Third, this court considered it a "wash." Summary judgment was reversed in part, but the case was not remanded for any action in accordance with the opinion.
 
 
 8
 Back in the district court, Huart renewed his motion to amend the complaint. The district court denied the motion on the ground that Huart "should have appealed the denial of his motion for leave to file an amended complaint at the same time he appealed the granting of summary judgment to defendants." The court held that the case was closed and denied Huart's motion. Huart made a motion to reconsider which was also denied on the grounds that Huart's proposed amended complaint did not establish a valid claim. Huart appealed.
 
 
 9
 Upon review of the merits, we find no error. An appellate court reviews a trial court's decision to grant or deny a motion for leave to amend a complaint for abuse of discretion. United States v. Berman, 884 F.2d 916, 921 (6th Cir.1989); Janikowski v. Bendix Corp., 823 F.2d 945, 951 (6th Cir.1987). If the proposed amended complaint does not establish a claim, then there is no error in denying the motion to amend. Vild v. Visconsi, 956 F.2d 560, 565 (6th Cir.1992) (en banc), cert. denied, 61 USLW 3257 (1992). The district court did not abuse its discretion because the two state law claims Huart wishes to pursue are preempted by ERISA. Therefore, the proposed amended complaint does not establish a claim.
 
 
 10
 Huart's state tort claim of conversion is preempted. Section 514 of ERISA preempts not only state laws specifically designed to affect implementation of employee benefit plans, but also any state laws relating to the implementation of employee benefit plans. Shaw v. Delta Air Lines, 463 U.S. 85, 96-97 (1983). Similarly, Huart's state tort claim of breach of fiduciary duty is preempted. Perry v. P*I*E Nationwide, Inc., 872 F.2d 157, 161 (6th Cir.1989), cert. denied, 493 U.S. 1093 (1990). The cases cited by Huart do not dictate a different result.
 
 
 11
 Accordingly, the order denying Huart's motion for leave to amend his complaint is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Appellees' motion for sanctions pursuant to Fed.R.App.P. 38 is hereby denied.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation