OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Kathleen Rider, appeals a decision of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellee, Larry Rider, in the amount of $10,675.70 on his claim based upon fraud and deception. The following facts are relevant to a determination of this appeal.
The parties herein were married in June 1972. They had one child resulting from their marriage, Kristy Rider, born in May 1977. In October 1977, appellee purchased an insurance policy on his life from Metropolitan Life Insurance Company. Appellee made appellant the beneficiary under the policy. In December 1988, the parties were divorced. Pursuant to a separation agreement that was incorporated into the divorce decree, appellee was to keep and maintain the aforementioned life insurance policy but with his daughter, Kristy, as the named beneficiary. Despite the terms of this agreement, appellant remained the beneficiary of the life insurance policy.
On August 31, 1992, appellant went to appellee's home and presented him with a form that she claimed would change the beneficiary on the life insurance policy to Kristy, as required by their separation agreement. In fact, the form changed the ownership of the policy from appellee to appellant. Appellee did not read the form but, instead, relied on his ex-wife's representation and signed the form. Appellee continued paying the premiums on the policy for over four years until January 1997, when he first realized that he was no longer the owner of the policy. Appellee also learned that appellant had converted approximately $10,000 in dividends from the policy to purchase an automobile.
On March 6, 1997, appellee filed a complaint in the Trumbull County Court of Common Pleas alleging that appellant, by fraud and deception, caused the ownership of the Metropolitan Life Insurance policy to transfer from appellee to appellant on August 31, 1992. He further alleged that appellant "converted financial interest" of approximately $10,000 to her own use. The matter proceeded to a hearing before a magistrate on January 21, 1998. The magistrate issued his decision on September 21, 1998. The magistrate concluded that appellee had established by a preponderance of the evidence that appellee had been defrauded by appellant, and that conversion had also been established.
On October 5, 1998, appellant filed objections to the magistrate's report. On November 19, 1998, the trial court overruled the objections and upheld the magistrate's decision. Appellant timely filed a notice of appeal and has now set forth four assignments of error.
In the first assignment of error, appellant contends that the trial court erred in applying the "preponderance of the evidence" standard to its finding of fraud. Specifically, it is appellant's assertion that fraud must be established by the higher standard of "clear and convincing evidence." Appellant bases her assertion on two decisions of the Ohio Supreme Court: McAdams v. McAdams
(1909), 80 Ohio St. 232, and Dice v. Akron, Canton YoungstownRd. Co. (1951), 155 Ohio St. 185.
Appellant's assertion is incorrect. The Supreme Court of Ohio specifically outlined the differences between an equitable action for fraud and one based upon money damages such as in the present case. In Household Finance Corp. v. Altenberg (1966),5 Ohio St.2d 190, syllabus, the court held:
 "In an action for equitable relief based on fraud, such as to set aside or reform a written document, clear and convincing evidence of the fraud is required, but, in an ordinary action at law for money only based on fraud, a preponderance of the evidence is sufficient to prove such fraud." See, also, Manning v. Len Immke Buick (1971), 28 Ohio App.2d 203, 208.
Since the present case does not involve equitable relief but, instead, is an ordinary action at law for money damages based upon fraud, the proper standard of proof is "preponderance of the evidence." Hence, the trial court correctly used that standard. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant submits that the trial court erred in its ruling that the assignment document executed by appellee should be vacated. Instead, appellant urges this court to conclude that the one-page document was clear on its face and appellee had a duty to read the document before signing it. This is related to appellant's third assignment of error in which she claims that it was error to find fraud. Appellant argues that appellee is bound by the terms of the document and cannot be relieved from its operation due to his own failure to read the document before signing it. We agree.
In Haller v. Borror Corp. (1990), 50 Ohio St.3d 10, the Supreme Court of Ohio held that a release is obtained by fraud in the factum where an intentional act or misrepresentation of one party precludes a meeting of the minds concerning the nature or character of the purported agreement. Id. at 13. Thus, "when the actions or representations of the releasee so impair the mind and judgment of the releasor that he fails to understand the nature or consequence of his release, there has been no meeting of the minds." Id. Such actions cause the release to be void ab initio.Id. at paragraph one of the syllabus.
The Supreme Court then held, however, that "where there is mere representation of one party of the contents of a release, the agreement is not void for fraud in the factum when the releasor has an opportunity to read and understand the document before execution." Id. at 14. This reinforces the statement made by the Supreme Court of Ohio earlier in Dice, supra:
 "A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. * * * If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs." Id. at 191. See, also, ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 503.
 Based upon this reasoning, we must conclude that a person must be held accountable for his own failure to read a form presented to him. In the present case, however, as will be discussed in the third assignment of error, this is not a fraud case and, therefore, this amounts to nothing more than harmless error.
In the third assignment of error, appellant asserts that the trial court erred in finding fraud in this case. Specifically, appellant claims that this was a simple misrepresentation as to the contents of the form rather than fraud in the factum. We agree.
While appellant was dishonest in her representation to appellee of the effect of signing the document, he was fully capable of reading the document before he signed it. Fraud in the factum is defined as:
 "Misrepresentation as to the nature of a writing that a person signs with neither knowledge nor reasonable opportunity to obtain knowledge of its character or essential terms." (Emphasis added.) Black's Law Dictionary (6 Ed. Abridged 1991) 456.
In the present case, appellee had every opportunity to read the form himself and appreciate the effect of his signature. Thus, there was no fraud in the factum. Accordingly, the trial court erred in finding fraud in this case. However, this is harmless error due to our conclusion in the final assignment of error that this is a conversion case and judgment in favor of appellee was proper.
In the fourth assignment of error, appellant argues that the trial court erred in finding the tort of conversion. The tort of conversion has been defined as "any exercise of dominion or control wrongfully exerted over the personal property of another in denial or under a claim inconsistent with his rights." Cent.Benefits Mut. Ins. Co. v. RIS Admrs. Agency, Inc. (1994),93 Ohio App.3d 397, 402, citing Ohio Tel. Equip. Sales, Inc. v. HadlerRealty Co. (1985), 24 Ohio App.3d 91, 93.
In the case sub judice, appellant argued that appellee gave her ownership of the insurance policy as a gift. However, one element of a valid inter vivos gift is the intent of the donor to make an immediate gift of the property. Streeper v. Myers (1937),132 Ohio St. 322, paragraph one of the syllabus. Clearly, there was no intent on appellee's part to make an immediate gift of the life insurance policy. Hence, this was not a gift. Accordingly, as the trial court pointed out, appellant's exercise of dominion and control over the policy, including her withdrawal of the $10,675.70 in dividends, was wrongful and in derogation of appellee's rights. Thus, we conclude that the trial court did not err in finding the tort of conversion had occurred. Appellant's fourth assignment of error is without merit.
Based upon the foregoing analysis, the error by the trial court in finding fraud is harmless because the final award of $10,675.70 is proper under a conversion theory. Thus, the judgment of the trial court is hereby affirmed.
 ________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., concurs, CHRISTLEY, J., concurs in judgment only.