[Cite as *Lapkovitch v. Rankl & Ries Motorcars, Inc.*, 2021-Ohio-4436.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| RONALD E. LAPKOVITCH | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2021CA00062 |
| RANKL & RIES MOTORCARS, INC. | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No. 2019CV01910


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 16, 2021


APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

MATTHEW S. ROMANO                    MERLE D. EVANS, III
LAW OFFICE of MATTHEW S.             JACK B. COOPER
ROMANO, LLC                          MILLIGAN PUSATERI CO., LPA
7100 E. Pleasant Valley Road, Suite 110     Post Office Box 35459
Independence, Ohio  44131            Canton, Ohio  44735

*Wise, John, J.*

{¶1}    Appellant Ronald E. Lapkovitch appeals the May 13, 2021, decision of the Stark County Court of Common Pleas granting summary judgment in favor of Appellee Rankl & Ries Motorcars, Inc.

## STATEMENT OF THE FACTS

{¶2}    For purposes of this Opinion, the relevant facts and procedural history are as follows:

{¶3}    On September 22, 2018, Appellant Ronald Lapkovitch purchased a 2016 Jeep Renegade (VIN# ZACCJBCT4GPD57827) from Appellee Rankl & Ries Motorcars, Inc. for $29,061.00, which included the purchase of a $2,400.00 "Extra Mile" extended warranty service contract from a third-party, Preferred Warranties, Inc. (PWI). The Jeep had 37,830 miles on the odometer at the time of sale.

{¶4}    The Extra Mile Vehicle Service Agreement expressly stated that it applied for an additional 60 months or 100,000 miles on the vehicle. (Rankl Depo. at 80). Said Extra Mile Vehicle Service Agreement also expressly required that the "odometer" be in working condition.

{¶5}    On the date of purchase, Appellant and his wife came to Appellee's business because of a flier they received. (Lapkovitch Depo., p. 16-17). Appellant intended to purchase a vehicle for his wife, who had become interested in the Jeep as soon as she saw it. *Id.* Appellant took the vehicle for a test drive, looked under the hood, and otherwise inspected the vehicle. Appellant did not have the vehicle inspected by a mechanic.

{¶6} Appellant had owned and driven the vehicle for approximately 10 months when he received a manufacturer's recall notice for a cooling fan motor. (Complaint ¶9). Appellant took the vehicle to Progressive Jeep, a dealership in Massillon, Ohio, for the recall repair. *Id.* Appellant claims that while servicing the Jeep, an employee of Progressive informed Appellant that the Jeep engine in his vehicle had been replaced with an engine from a Dodge Dart. (Complaint ¶10). The Progressive employee based his conclusion upon the handwritten word "Dart" on the engine block, which was only visible after the plastic engine cover was removed. (Lapkovitch Depo. at 59). Plaintiff claims that he was informed by the service manager at Progressive that the original manufacturer's powertrain warranty on the Jeep was void because the vehicle no longer had the original factory engine. (Complaint ¶11, Lapkovitch Depo. at 60).

{¶7} On September 20, 2019, Appellant filed a Complaint against Appellee Rankl & Ries Motorcars, Inc. alleging breach of contract, fraud, violations of the Ohio Consumer Sales Practices Act ("CSPA"), and unjust enrichment. Appellant's claims are based on the allegation that Appellee had knowledge that the engine in the Jeep had been replaced with an engine from a Dodge Dart, and Appellee failed to disclose this to Appellant upon purchase of the vehicle.

{¶8} On February 1, 2021, Appellee filed a Motion for Summary Judgment as to all claims contained in Appellant's Complaint.

{¶9} On April 5, 2021, Appellant filed his Brief in Opposition.

{¶10} By Judgment Entry filed May 13, 2021, the trial court granted Appellee's Motion for Summary Judgment, finding no genuine issues of material fact, and that Appellee was entitled to judgment as a matter of law.

{¶11} Appellant now appeals, raising the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶12} "I. THE TRIAL COURT'S GRANTING OF DEFENDANT-APPELLEE RANKL & REIS MOTORCARS, INC.'S ("DEFENDANT") MOTION FOR SUMMARY JUDGMENT IS REVERSIBLE ERROR."

*Summary Judgment Standard*

{¶13} Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶14} A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-

moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶15}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter *de novo. Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

### I.

**{¶16}** In his sole assignment of error, Appellant argues the trial court erred in granting Appellee's motion for summary judgment. We disagree.

### Breach of Contract Claim

**{¶17}** In his Complaint, Appellant claims Appellee breached the contract in this matter by failing "to provide Plaintiff with the benefits of the original factory warranty, the 'Extra Mile' warranty and service coverage, or the vehicle with its original factory engine or the proper engine type for the vehicle." (Complaint at ¶22).

**{¶18}** As explained by this Court in *Caley v. Glenmoor Country Club,* 5th Dist. Stark Nos. 2013 CA 00012 & 2013 CA 00018, 2013-Ohio-4877, ¶ 59-61:

> In order to succeed on a breach of contract claim, the plaintiff must demonstrate that: (1) a contract existed; (2) the plaintiff fulfilled his

obligations; (3) the defendant breached his obligations; and (4) damages resulted from this breach. *Chaney v. Ramsey,* 4th Dist. No. 98CA614, 1999 WL 217656, (Apr. 7, 1999), citing *Doner v. Snapp,* 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2nd Dist.1994).

" '[B]reach,' as applied to contracts is defined as a failure without legal excuse to perform any promise which forms a whole or part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence." *Natl. City Bank of Cleveland v. Erskine & Sons, Inc.,* 158 Ohio St. 450, 110 N.E.2d 598 (1953), paragraph one of the syllabus.

" 'When the facts presented are undisputed, whether they constitute a performance or a breach of a written contract, is a question of law for the court.' " *Koon v. Hoskins,* 4th Dist. No. 95CA497, 1996 WL 30018, (Jan. 24, 1996), fn. 5, quoting *Luntz v. Stern,* 135 Ohio St. 225, 20 N.E.2d 241 (1939), paragraph five of the syllabus.

**{¶19}** Here, Appellant testified that he never made or attempted to make any warranty claims under either the factory warranty or the PWI Extra Mile extended warranty. Appellant therefore has failed to show that he was denied coverage under said warranties or suffered any damages therefrom.

**{¶20}** Further, Appellant testified that he never spoke with anyone from the manufacturer or PWI to verify the status of the warranties. Appellee, however, presented an expert report indicating that only that portion of the factory powertrain warranty

pertaining to the factory engine would have been voided by the replacement engine, and that the remaining portion of the powertrain warranty would still be in effect.

**{¶21}** Appellee likewise presented evidence through its expert that he contacted PWI's local representative and was advised that the extended warranty in this case contained no restrictions and remained in full effect from the date of purchase.

**{¶22}** Additionally, evidence was presented that the value of the vehicle has not been diminished by the replacement engine.

**{¶23}** Based on the foregoing, we find Appellant has failed to prove any breach of contract or that he suffered any damages as a result of the alleged breach.

### Unjust Enrichment

**{¶24}** "Unjust enrichment operates in the absence of an express contract." *Cozmyk v. Hoy* (June 30, 1997), Franklin App. No. 96APE10–1380, at 8, citing *Hummel v. Hummel* (1938), 133 Ohio St. 520–525–528, 14 N.E.2d 923.

**{¶25}** There is no dispute that a contract existed in this matter. Therefore, this Court finds Appellant's claim for unjust enrichment fails as a matter of law.

### Fraud

**{¶26}** To prove fraud, a plaintiff must establish the following elements: (1) a representation, or silence where there is a duty to disclose, (2) which is material to the transaction, (3) made falsely, with knowledge of its falsity, or with such utter disregard as to its truth that knowledge may be inferred, (4) with the intent to mislead another into relying on it, (5) justifiable reliance on the representation, and (6) resulting injury proximately caused by the reliance. *Williams v. Aetna Finance Co.*, 83 Ohio St.3d 464,

700 N.E.2d 859 (1998). In addition, a plaintiff alleging fraud must plead with particularity the circumstances constituting fraud. Civil Rule 9(B).

**{¶27}** "A party seeking an equitable remedy, such as declaratory judgment, reformation or rescission of a contract, must prove a fraud claim with clear and convincing evidence, while a party seeking a monetary remedy must prove fraud by the preponderance of the evidence." *Andrew v. Power Marketing Direct, Inc.*, 10th Dist., 2012-Ohio-4371, 978 N.E.2d 974, ¶ 47, citing *Household Finance Corp. v. Altenberg,* 5 Ohio St.2d 190, syllabus, 214 N.E.2d 667 (1966).

**{¶28}** Upon review of the record, we find no evidence that Appellee made any false representations to Appellant with regard to the vehicle, the factory warranty or the PWI extended warranty.

**{¶29}** Again, as set forth above, the Court also finds that Appellant has not shown that he suffered any damages as a result of the alleged fraud. As previously set forth herein, the Court finds that Appellant was never denied coverage for any warranty repairs, under either the factory warranty or the PWI extended warranty. Also, again, the replacement engine has not diminished the value of the Jeep.

**{¶30}** Based on the foregoing, we find Appellee is entitled to summary judgment on Appellant's fraud claim.

Consumer Sales Practices Act

**{¶31}** In his brief in opposition to Appellee's motion for summary judgment, Appellant alleges Appellee violated R.C. §1345.02(B)(2),(10), by "several direct and implied false representations" regarding the vehicle and its warranty, including: 1) that the original factory powertrain warranty was still in place when it was not; 2) that the vehicle

qualified for an enforceable extended warranty when it did not; 3) that the odometer accurately reflected the miles driven on the (replacement) engine when it did not; and 4) the implication that the vehicle still had its original installed engine when it did not.

**{¶32}** Upon review, we find Appellee disclaimed all warranties in the Retail Sales Contract entered into by the parties. Appellant has failed to put forth evidence that any representations were made to him by Appellee with regard to the vehicle or the engine. (Lapkovitch Depo. at. 19-20).

**{¶33}** Further, as set forth above, Appellant never made any claims under the factory warranty or proved that the warranty was voided.

**{¶34}** The same holds true with regard to Appellant's PWI warranty claims as he did not make any claims under the PWI warranty and did not provide the trial court with any evidence that the PWI warranty was void. To the contrary, Appellee's expert testified that he contacted PWI and was informed that the extended warranty is and has been in full effect since the date of purchase.

**{¶35}** Appellant also claims that Appellee falsely represented that the odometer accurately reflected the miles driven on the replacement engine. Upon review, we find no evidence that Appellee ever made any representations about the odometer.

**{¶36}** Again, this Court find Appellant has failed to prove Appellee knew that the engine in the Jeep had been replaced.

**{¶37}** We therefore find Appellee is entitled to summary judgment on Appellant's Violation of the Consumer Sales' Practices Act claim.

**{¶38}** Based on the foregoing, we find Appellant's assignment of error not well-taken and hereby overrule same.

**{¶39}**  For the reasons stated in the foregoing opinion, the decision of the Stark County Court of Common Pleas is affirmed.


By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.


JWW/kw 1213