**UNITED STATES of America, Plaintiff,**

v.

**Gary GILLIAM, Defendant.**

No. 91–80587.

United States District Court,
E.D. Michigan, S.D.

Nov. 21, 1991.

Stephen J. Markman, U.S. Atty., by Jennifer Granholm, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

James C. Thomas, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

GADOLA, District Judge.

### FACTS

The defendant Gary Gilliam was convicted in the state of Michigan of first degree criminal sexual misconduct on February 10, 1978. In Michigan, this crime is considered a felony with a penalty of more than a one year term of imprisonment. Defendant was sentenced on March 3, 1978, and was released from prison May 29, 1982. Subsequently, defendant was charged in a one count indictment, which alleged that between December 12, 1990, and December 19, 1990, defendant possessed a Marlin .22 calibre semi-automatic rifle in contravention of the Federal Gun Control Act, 18 U.S.C. § 922(g)(1). Because defendant was considered to be a convicted felon by the government, his possession of a firearm was a violation of federal law.

Defendant has now filed a motion with this court to dismiss the indictment on the grounds that his prior state law conviction falls within the exception clause of 18 U.S.C. § 921(a)(20). Defendant contends that if his prior state law conviction falls within the language of Section 921(a)(20), then Section 922(g)(1) does not and can not apply to him.

### ANALYSIS

In relevant part, 18 U.S.C. § 922(g)(1) states that it is unlawful for any person who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition ... which has been shipped or transported in interstate or foreign commerce.

The word "conviction" is defined in 18 U.S.C. § 921(a)(20):

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned *or has had civil rights restored* shall not be considered a conviction for purposes of this chapter, *unless* such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

(Emphasis added). Defendant claims that the predicate felony contained in the indictment does not come under the statutory definition of "conviction" because under Michigan law, his civil rights have been restored.

### I. CIVIL RIGHTS RESTORATION

[1] The leading Sixth Circuit case in this area is *United States v. Cassidy*, 899 F.2d 543 (6th Cir.1990). In *Cassidy*, the court stated that

a "convicted felon" has his civil rights restored by operation of state law, with or without a certificate or order documenting the event, ... [when he is again] entitled to vote, hold public office and serve on a jury....

*Id.* at 549; *see also United States v. Burns*, 934 F.2d 1157, 1159–60 (10th Cir. 1991); *cf. United States v. Geyler*, 932 F.2d 1330, 1333–34 (9th Cir.1991) ("It is the state, not the federal government, that defines and restores a person's civil rights, even in relationship to the federal govern-

ment").[1] Under Michigan law, a convicted felon's civil rights are restored after he or she has served the required term of imprisonment.

■ First, Michigan law denies the right to vote to persons confined as a result of a felony conviction. The controlling Michigan statute states:

> A person who, in a court of this or another state or in a federal court, has been legally convicted and sentenced for a crime for which the penalty imposed is confinement in jail or prison shall not vote, offer to vote, attempt to vote, or be permitted to vote at an election *while confined.*

Mich.Comp.Laws Ann. § 168.758b (emphasis supplied). As is readily apparent, Michigan restores the convicted felon's right to vote upon the felon's release from prison. *See also* Mich. Const. of 1963, art. 2, § 2. No other procedure is necessary for the restoration of this civil right.

■ Second, Michigan law denies the right to hold public office to persons confined as a result of a felony conviction. The pertinent Michigan statute states

> If any candidate for any public office at any election in this state shall be convicted of a felony, as defined in this act, the election of such candidate, if he has been elected, shall be void; and if he shall enter into the office for which he was elected, an information in the nature of a quo warranto to oust him from such office may be filed in the supreme court or the proper circuit court.

Mich.Comp.Laws Ann. § 168.938. However, this provision does not bar a convicted felon who has served her or his time from holding public office in the state of Michigan. This provision merely states that persons who are convicted of a felony *at the time of their candidacies or during their terms of office* may have their elections voided or may be ousted from office.

Section 168.938 does not, however, bar a person from subsequently again seeking or attaining and holding public office because of a prior conviction. *See Matter of Callanan*, 419 Mich. 376, 355 N.W.2d 69 (1984); 1977–78 Op. Mich. Att'y Gen. No. 5295, at 415; 1955–56 Op. Mich. Att'y Gen. No. 2393, at 708.

■ Finally, Michigan denies the felony convict the right to sit on a jury. Michigan statutory law states:

> (1) To qualify as a juror a person shall
> ...
> (e) Not be under *sentence* for a felony at the time of jury selection.

Mich.Comp.Laws Ann. § 600.1307a (emphasis added). However, these restrictions evaporate once the sentence for the conviction has been served. This conclusion is given credence by the Michigan Court Rules, which indicate that a juror may be *challenged for cause* because of a prior felony conviction. Mich.Ct.R. 2.511(D)(2). A challenge for cause presumes that the person has the right to sit on the jury. A challenge as to a person's qualifications to be a juror is not identical to a challenge for cause, the latter often based upon personal reasons. *See, e.g.*, Mich.Ct.R. 2.511(D)(3) (challenge for cause based upon bias against a party); Mich.Ct.R. 2.511(D)(9) (challenge for cause based upon relationship to a party).

Therefore, Michigan law, as it existed in December 1990, when defendant allegedly was a felon in unlawful possession of a rifle, effectively restored his civil rights as defined by the Sixth Circuit in *Cassidy*. *See also Dahms*, 938 F.2d at 134 (interpreting Michigan civil rights restoration provisions).

## II.  FIREARMS RESTRICTION CLAUSE

The government claims that even though defendant's civil rights have been restored,

---

1. A close reading will show that *Cassidy* grammatically includes in its list of civil rights the privileges of "shipping, transporting, possessing or receiving a firearm." *Cassidy*, 899 F.2d at 549. Because inclusion of this last clause is redundant and would in effect make the "unless" clause of 18 U.S.C. § 921(a)(20) a nullity,

this court bifurcates the above passage to give *Cassidy* a more logical and consistent meaning. *See United States v. Dahms*, 938 F.2d 131, 133 (9th Cir.1991) (interpreting *Cassidy's* civil rights list to include the right to sit on a jury, to hold office and to vote).

the "unless" clause of Section 921(a)(20) mandates that defendant is still subject to the Federal Gun Control Act. The pertinent language states that a "conviction" still stands if the restoration expressly provides that the person may not ship, transport, possess or receive firearms. 18 U.S.C. § 921(a)(20). The Sixth Circuit has affirmatively stated that it rejects the "requirement that the express restriction on firearms privileges must be contained in the same statutory provision, or in the certificate, which restores civil rights." *Cassidy*, 899 F.2d at 545 n. 5; *but cf. United States v. Gomez*, 911 F.2d 219, 221 (9th Cir.1990) ("... the provision restricting the convicted felon's right to ... possess or receive firearms must be express"); *United States v. Erwin*, 902 F.2d 510, 513 (7th Cir.1990) ("A state must tell the felon point blank that weapons are not kosher").

At the time of the indicted offense, Michigan law restricted *pistol* ownership to citizens who had not been incarcerated due to a felony conviction over the previous eight years. Michigan Comp.Laws Ann. § 28.-422 (West 1981 & Supp.1991) stated in relevant part:

(1) A person shall not purchase, carry, or transport a pistol ... unless the applicant meets all of the following ...

(c) Has not been convicted of a felony or has not been incarcerated as a result of a felony conviction in this state or elsewhere during the 8–year period immediately preceding the date of application.

This law has since been amended to take out the eight-year window. *See* 1990 Mich. Pub.Acts 320, § 1. The Michigan statute now provides, by the 1990 amendment effective March 28, 1991, that as a requirement for the obtaining of a license to purchase, carry or transport a pistol that

[t]he person has not been convicted of a crime punishable by imprisonment for more than 1 year. This subdivision does not apply to a conviction that has been expunged or set aside, or for which the person has been pardoned or has had his or her civil rights restored unless the expungement, order, or pardon expressly provides that the person shall not ship, transport, possess, or receive firearms. Mich.Comp.Laws Ann. § 28.422(3)(c) (West 1981 & Supp.1991). Interestingly, the Michigan statute now incorporates the language of 18 U.S.C. § 921(a)(20).

At the time he is alleged in the indictment herein to have committed this offense, December 1990, defendant had been out of prison on the named predicate offense for over eight years. Therefore, the pistol ownership restrictions of Mich. Comp.Laws Ann. § 28.422, as the statute existed in December 1990 did not apply to defendant; he was under no restriction whatsoever in his status as a convicted felon under Michigan law regarding his right to "ship, transport, possess or receive firearms." His right to possess a firearm was identical to that of any other Michigan resident. Additionally, at all times defendant was allowed to own other firearms. In the state of Michigan there are no restrictions on the ownership of rifles, shotguns or other long-barrel firearms based upon prior felony convictions. In effect, there were no firearms restrictions at all placed upon defendant by the state at the time of the indicted offense. As there were no firearms restrictions placed upon defendant by the state, the "unless" clause of Section 921(a)(20) does not apply.

The cases cited by the government are not on point. The Eighth Circuit in *United States v. Davis*, 936 F.2d 352, 357 (8th Cir.1991), held that the defendant was subject to Section 922(g)(1) because his prison discharge order and attached letter warned him that he was still subject to the Federal Gun Control Act. Because these documents warned the defendant of certain firearms restrictions, the "unless" clause of Section 921(a)(20) applied. In *Burns*, the Tenth Circuit held that the defendant was subject to Section 922(g)(1) because Kansas law still restricted the defendant from possessing firearms at the times stated in the indictment. *Burns*, 934 F.2d at 1160–61.

In *United States v. Breckenridge*, 899 F.2d 540, 542 & n. 3 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 119, 112

L.Ed.2d 88 (1990), the Sixth Circuit held that the defendant was subject to the Federal Gun Control Act because New Jersey, the jurisdiction of the predicate conviction, barred felons from ever possessing weapons. Further, *Cassidy* is distinguishable because that case was decided under an Ohio law which barred that defendant from possessing "any firearm." *Cassidy*, 899 F.2d at 550 & n. 15. In this case, Michigan law clearly allowed this defendant to possess a firearm, any firearm, at the times mentioned in the indictment.

Although it is not necessary to a determination of this case, there is an even more fundamental problem regarding federal prosecution in Michigan of felons for possession of firearms under 18 U.S.C. § 922(g)(1). Even if defendant in this case had fallen within the eight-year window of Mich.Comp.Laws Ann. § 28.422, thus barring his right to own a pistol, Section 922(g)(1) would still be inapplicable. Similarly, even if defendant had been indicted for this offense and the offense had been committed after March 28, 1991, when the amendment to Mich.Comp.Laws Ann. § 28.422 became effective and thereby barred a convicted felon from becoming licensed to purchase, carry or transport a pistol irrespective of a lapse of years from his last date of incarceration, Section 922(g)(1) would be inapplicable. This is best illustrated by the Ninth Circuit Court of Appeals in its decision in *United States v. Dahms*, 938 F.2d 131 (9th Cir.1991).

In that case, defendant Michael Dahms had pleaded guilty in Michigan state court to assault with attempt to rob while armed and was sentenced to prison. Dahms was released from parole in April 1983. In June 1989, while in Montana, Dahms was involved in an aggravated assault using his shotgun. He was indicted under 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm. The district court denied his motion to dismiss the indictment and Dahms appealed.

The Ninth Circuit reversed and dismissed the indictment. In so doing, the court not only found that Michigan law automatically restored Dahms' civil rights upon his release from prison, but also that Section 922(g)(1) does not apply to a felon in possession of one type of firearm when state law restricts his right to have another type of firearm. *Dahms*, 938 F.2d at 134.

Dahms was restricted in his right to possess a pistol under Mich.Comp.Laws Ann. § 28.422(3)(c) (West 1981 & Supp.1991), the same law that applies to Gilliam in the instant case, because he had not been out of prison for the required eight years. Thus, Dahms could not, under Michigan law, possess a pistol. However, Dahms, like all Michigan residents, had no restriction placed upon his right to possess a shotgun, the type of gun listed in his indictment. The Ninth Circuit recognized that this was an issue of first impression and held that the "unless" clause of Section 921(a)(20) mandated that Section 922(g)(1) violations match the restrictions placed upon the felon by the state. In essence, because Michigan restricted Dahms' right to possess only a pistol, Dahms could be in violation of Section 922(g)(1) only if he possessed a pistol, not a shotgun.

This court finds the *Dahms* reasoning compelling. Michigan law restricts the right of felons to possess pistols only. Because Michigan distinguishes between pistols and shotguns in its licensing statute, this court

> cannot say that Michigan intended to restrict a felon's ability to possess all types of firearms through § 28.422.
>
> To apply § 922(g)(1) and conclude that [defendant's] right to possess any firearm was restricted under federal law because the state restricted his possession of a pistol would undermine the explicit deference to state law in § 921(a)(20). [This court finds] the resulting application of variable state firearms restrictions through the federal statute was intended by Congress.

*Dahms*, 938 F.2d at 135.

### CONCLUSION

In conclusion, defendant's civil rights have effectively been restored by Michigan law, the law of the jurisdiction where the conviction arose. Further, there were no

state law restrictions on defendant at the time of the offense alleged herein (December 1990) regarding his possession of a firearm emanating from the indictment predicate offense, given the fact that the Michigan statute in force at that time permitted him to purchase, carry or transport a firearm, even including a pistol, in that his prior felony sentence had been served and completed more than eight years previous to December 1990.

Additionally, although it is not necessary to the determination of this matter, even if the alleged offense occurred under the present posture of the Michigan statute, which has removed the eight year "window," the "unless" clause of Section 921(a)(20) would not hold this defendant in possession of a *rifle* subject to the Federal Gun Control Act, as the Michigan statute restricts only the right of a convicted felon, upon restoration of his civil rights (which occur forthwith upon his release from prison), to purchase, carry or transport a *pistol.*

■ Finally, where a statute is open to two interpretations, the Rule of Lenity directs this court to choose the interpretation that is least likely to infringe the rights of citizens, so long as the intent of Congress is upheld. *Liparota v. United States,* 471 U.S. 419, 427, 105 S.Ct. 2084, 2089, 85 L.Ed.2d 434 (1985); *United States v. Cross,* 900 F.2d 66, 69 (6th Cir.1990). As this statute may arguably be read two ways, and as Congress itself has the definition of "conviction" turn upon state law, it is better that this court err on the side of the defendant.

■ Although unnecessary to a resolution of the case at bar, it is the conclusion of this court that since the Michigan statute (Mich.Comp.Laws Ann. § 28.422, *as amended by* 1990 Mich.Pub.Acts 320, § 1 (effective March 28, 1991)) restricts the right of a convicted felon regarding the purchase, sale or transport of a pistol only, and since Michigan law restores a felon's civil rights to vote, sit on a jury and hold public office automatically and instantaneously upon release from incarceration, a defendant convicted of a felony in Michigan

and released from prison cannot be prosecuted under the Federal Gun Control Act (18 U.S.C. § 922(g)(1)) for possession of any firearm other than a pistol.

This court is reluctant to reach this conclusion. However, by allowing the Federal Gun Control Act's potency to turn upon the varying states' laws, Congress has regrettably emasculated the Act in the state of Michigan. This result was recognized by at least one senator from Minnesota:

> In the State of Minnesota, a convicted felon's civil rights are automatically restored when his sentence expires. Therefore, under the new federal law, it will no longer be a violation of the Federal Gun Control Act of 1968 for a Minnesotan convicted of a felony to possess a firearm after his sentence has expired. The same will be true in each State which automatically restores a convicted felon's civil rights. This creates a problem in my State. The ironic, unintended side effect of this "glitch in the gun law" is to turn a law intended to crack down on crime into a law that could abet crime unless Minnesota changes its law regarding civil rights of felons.... I believe it is appropriate for all of the States to review, and possibly revise, their laws governing possession of firearms, especially those State statutes regulating possession of firearms by convicted felons.

132 Cong.Rec. S14,974 (daily ed. Oct. 3, 1986) (remarks of Sen. Durenberger).

The Michigan legislature has seen fit to automatically restore a felon's civil rights to vote, to serve on a jury and to seek and hold public office upon the felon's release from prison. Further, the Michigan legislature has seen fit to restrict only the right of a convicted felon to purchase, carry or transport a pistol. There are as yet no restrictions under Michigan law on a felon's right to own long-barrel firearms. Therefore, under the reasoning of *Dahms,* no felon could be indicted under the Federal Gun Control Act for possessing a rifle, a shotgun, a machine gun, a semi-automatic assault weapon or even a cannon in the state of Michigan. This "glitch in the gun

law" has tied this court's hands, and the only remedy appears to lie either in Washington, D.C., or Lansing, Michigan.

## ORDER

For the foregoing reasons, it is hereby ORDERED that the defendant's motion be GRANTED and the indictment be DISMISSED.

SO ORDERED.