UNITED STATES of America,
Plaintiff–Appellant,

v.

Gary GILLIAM, Defendant–Appellee.

No. 91–2417.

United States Court of Appeals,
Sixth Circuit.

Argued March 23, 1992.

Decided Nov. 10, 1992.

Stephen J. Markman, U.S. Atty. (argued)
Christopher P. Yates (briefed), Office of
the U.S. Atty., Detroit, Mich., for U.S.

James C. Thomas, Detroit, Mich., for Gilliam.

Before: JONES, GUY, and
BATCHELDER, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

The government appeals from the district court's dismissal of an indictment charging the defendant with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court held that the defendant's state felony conviction could not serve as the predicate conviction for the federal offense because the state had restored the defendant's civil rights before the alleged possession occurred. We reverse.

**I.**

In August 1991, the defendant, Gary Gilliam, was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment specifically alleged that Gilliam, who had been convicted in 1978 of first degree sexual conduct, a felony under Michigan law, possessed a semi-automatic rifle in December 1990.

Gilliam moved to dismiss the indictment, arguing that his 1978 state conviction did not fall within the statutory definition of a predicate conviction, 18 U.S.C. § 921(a)(20), because Michigan had restored his civil rights after he was released from prison in 1982. The district court agreed and dismissed the indictment in November 1991. *United States v. Gilliam*, 778 F.Supp. 935 (E.D.Mich.1991). The government then filed this appeal.

**II.**

The federal "felon with a firearm" statute provides, in relevant part:

It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

. . . .

to ... possess in or affecting commerce, any firearm ... or to receive any firearm ... which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g). The definition of "crime punishable by imprisonment for a term exceeding one year" provides:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

The district court found that section 921(a)(20) excluded Gilliam's 1978 state conviction from the set of convictions that could be used as a predicate for a section 922(g) charge. The court found that Michigan had restored Gilliam's civil rights after his release from prison and that he was not under a state firearms disability at the time he allegedly possessed the rifle.

Another panel of this court recently addressed the precise issue presented by this case. *United States v. Driscoll*, 970 F.2d 1472 (6th Cir.1992). In *Driscoll*, we concluded that Michigan law does not fully restore a convicted felon's civil rights for purposes of section 921(a)(20) because a Michigan felon is restricted from serving on juries and from possessing certain types of firearms. *Driscoll*, 970 F.2d at 1481. Since the decision of one panel of this court binds all other panels and since Gilliam presents no other grounds to support the dismissal of the indictment, *Driscoll* requires us to reverse.

Accordingly, we REVERSE the dismissal of the indictment, and REMAND to the district court for further proceedings.

JONES, Circuit Judge, concurring in the result.

I concur in the result because I must. In *United States v. Driscoll*, 970 F.2d 1472 (6th Cir.1992), the majority of the Sixth Circuit panel held that the State of Michigan does not restore a felon's civil rights after punishment because such a person cannot be a juror if challenged for cause in both civil and criminal cases, and "should" be excused as a juror by the trial court, *sua sponte*, in a criminal case. *Id.* at 1478–79. If it is determined that a state does not restore a felon's civil rights, he or she is subject to being charged under 18 U.S.C. § 922(g) (1988). *See* 18 U.S.C. § 921(a)(20) (1988); *United States v. Cassidy*, 899 F.2d 543, 546 (6th Cir.1990). Gilliam, convicted of a felony in Michigan, and later caught with a firearm in Michigan, thus may be charged with the federal offense of being a felon in possession of a firearm.

Though I am bound by *Driscoll, see United States v. Wolak*, 923 F.2d 1193, 1199 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2824, 115 L.Ed.2d 995 (1991) ("even if we agreed with the defendant, we could not overrule the decision of an earlier panel"), I reiterate my disagreement with the majority's holding in that case. In my dissent in *Driscoll*, I maintained that "although a convicted person's right to sit on a jury may be limited, I would hold that Michigan law does restore that right to such persons automatically after the period of incarceration is over." *Driscoll*, 970 F.2d at 1487–88. For the reasons stated in my *Driscoll* dissent, I continue to be of this view. *See id.* at 1486–88.