985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Royce Daniel HUDGINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2108.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Royce Daniel Hudgins, a federal prisoner, appeals the district court's order denying his motion to vacate, set aside, or correct judgment filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On June 8, 1990, Hudgins pleaded guilty to one count of aiding and abetting the distribution of cocaine base and one count of felon in possession of a firearm. The district court sentenced him to two concurrent prison terms of 57 months and 3 years supervised release. The district court did not grant Hudgins's motion for a downward departure. Hudgins did not file a direct appeal.
 
 
 3
 Hudgins subsequently filed a motion to vacate his sentence, raising three grounds for relief: (1) his guilty plea was not knowing and voluntary because the sentencing guidelines were improperly calculated; (2) he received ineffective assistance of counsel; and (3) the trial court should have granted his motion to depart downward. The district court denied the motion to vacate in an order filed September 12, 1991. The court concluded that the record clearly showed that Hudgins voluntarily entered his plea and had the opportunity to participate fully in the sentencing process, that counsel was not ineffective, and that the refusal to depart downward from an otherwise valid sentence is not appealable.
 
 
 4
 On appeal, Hudgins argues that: (1) he was unlawfully convicted and sentenced as a felon in possession of a firearm, (2) the district court improperly breached the plea agreement of March 26, 1990, (3) his guilty plea was involuntary and unknowing, and (4) he received ineffective assistance of counsel. Hudgins is represented by counsel in this appeal.
 
 
 5
 Upon review, we affirm the district court's judgment because Hudgins has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Hudgins does not raise on appeal his issue regarding the district court's refusal to depart downward from the guidelines sentencing range. Thus, that issue is considered abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In any event, it is meritless for the reason stated by the district court.
 
 
 7
 Hudgins did not challenge the use of his predicate Michigan conviction in the felony firearm charge in his motion as filed with the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). However, "a federal appellate court is always empowered to resolve any issue not considered below 'where the proper resolution is beyond any doubt or where injustice ... might otherwise result.' " Brown v. Crowe, 963 F.2d 895, 898 (6th Cir.1992) (quoting Meador v. Cabinet for Human Resources, 902 F.2d 474, 477 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990)). Because the proper resolution of this issue is beyond any doubt, we will address Hudgins's argument.
 
 
 8
 Hudgins argues that a district court opinion issued after the district court's order denying his § 2255 motion supports his position that Michigan automatically restores the civil rights of felons upon their release from prison precluding use of Michigan felony convictions to support a prosecution under § 922(g)(1). See United States v. Gilliam, 778 F.Supp. 935 (E.D.Mich.1991). This case was held in abeyance pending the decisions on appeal in Gilliam, No. 91-2417, and a second case raising the same issue, United States v. Driscoll, No. 91-1583.
 
 
 9
 Both decisions have now been issued; in both cases this court has decided the issue adversely to Hudgins's position. The Driscoll panel examined the interplay of the relevant Michigan statutes and concluded that Michigan does not automatically restore a convicted felon's right to sit on a jury. Thus, he can still be prosecuted for violations of § 922(g)(1). See United States v. Driscoll, 970 F.2d 1472, 1478-79 (6th Cir.1992). The panel that decided United States v. Gilliam, No. 91-2417, 1992 WL 322035 (6th Cir. Nov. 10, 1992), was bound by Driscoll and reversed the district court decision upon which Hudgins relies. Gilliam, 1992 WL 322035 at * 1.
 
 
 10
 Hudgins's claim that the district court breached an earlier plea agreement and improperly sentenced him is completely meritless. This issue was presented to the district court as part of his involuntary guilty plea argument. The district court's stated reason for rejecting Hudgins's initial guilty plea, which included a 16-month cap on any prison sentence, is sound. Under the guidelines, the district court must await the results of the PSI before accepting a plea and is not bound by the drug quantity stipulated by the parties in connection with the plea agreement. See United States v. Kemper, 908 F.2d 33, 36-37 (6th Cir.1990). See also United States v. Miller, 910 F.2d 1321, 1327 (6th Cir.1990), cert. denied, 111 S.Ct. 980 (1991).
 
 
 11
 The totality of the circumstances establishes that Hudgins's plea of guilty was entered voluntarily, knowingly, and intelligently. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Nor was the sentencing proceeding coercive. The district court encouraged Hudgins to address the court and to ask questions, and the transcript shows that he did so on numerous occasions. Hudgins further complains that he had only four hours in which to reconsider a new plea. However, the record shows that the district court set the four-hour break to allow time for consultation. Hudgins was free to request a continuance if he felt pressured or coerced. He did not do so, but offered a new plea at that time. It appears that Hudgins's principal complaint is with the length of the sentence he received. However, subjective expectations by counsel and the defendant regarding the possible length of sentence, if not realized, do not render involuntary an otherwise valid plea. See Self v. Blackburn, 751 F.2d 789, 793 (5th Cir.1985); Stout v. United States, 508 F.2d 951, 953 (6th Cir.1975).
 
 
 12
 Finally, Hudgins has failed to establish ineffective assistance of counsel because he has not shown that counsel's performance was deficient or that the allegedly deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). Although his bases for alleging ineffective assistance before the district court differ from those alleged on appeal, the record is clear that Hudgins is not entitled to relief on this ground and so we address this issue. Hudgins's principal basis for claiming ineffective assistance of counsel is that counsel did not object to "erroneous" information concerning drug quantity in the PSI or to the district court's rejection of the initial plea agreement. He also asserts that counsel did not inform him that he could be sentenced based upon all of the conduct attributed to his co-defendant.
 
 
 13
 It is clear from Hudgins's own pleadings that counsel did object to use of the drug quantities sold by co-defendant Cooper. This objection is noted in the addendum to the PSI which was made an attachment to Hudgins's § 2255 motion.
 
 
 14
 Any objection to the district court's rejection of the plea agreement would have been futile, and so there was no prejudice due to any failure by counsel to so object. The original plea agreement called for a sentence far below the guideline range calculated by the probation office. The acceptance of a plea agreement is generally contingent upon the district court's consideration of the PSI and the court may only accept the agreement if it is satisfied that the agreed sentence is within the applicable guidelines range. See Kemper, 908 F.2d at 36. Hudgins was specifically told at the sentencing proceeding that he could withdraw his plea and proceed to trial. He did not do so.
 
 
 15
 The record also refutes Hudgins's claim that he was not informed that he could be sentenced based upon all of the conduct attributed to his co-defendant.
 
 
 16
 For these reasons and because Hudgins does not allege that, but for the alleged errors, he would have proceeded to trial, he is not entitled to relief on the ground of ineffective assistance of counsel.
 
 
 17
 Accordingly, the district court's order, filed on September 12, 1991, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.