1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dewayne Edward DONALDSON, Defendant-Appellant.
 No. 92-1977.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1993.
 
 Before: GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Dewayne Edward Donaldson appeals the denial of his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, the government has specifically waived oral argument, and defendant has waived oral argument by failing to request oral argument pursuant to Rule 9(d), Rules of the Sixth Circuit.
 
 
 2
 Pursuant to a written plea agreement, Donaldson pleaded guilty in the district court to one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Donaldson was sentenced on February 21, 1991, to 16 months imprisonment followed by a two-year term of supervised release. No direct appeal was taken.
 
 
 3
 Next, petitioner filed his motion to vacate sentence by counsel in the district court alleging that he was not a felon in possession of a firearm for purposes of federal law because the state of Michigan had restored his civil rights following his predicate state felony conviction. The government responded in opposition to the motion. The magistrate judge recommended that the motion be denied, and petitioner filed objections. The district court determined that petitioner's civil rights had not been substantially restored under Michigan law and denied the motion to vacate.
 
 
 4
 On appeal, petitioner reiterates his contention that his civil rights were restored under Michigan law following his prior felony conviction. The government responds that this court has recently decided this issue against petitioner's position in United States v. Gilliam, 979 F.2d 436 (6th Cir.1992), cert. denied, 113 S.Ct. 1856 (1993), and United States v. Driscoll, 970 F.2d 1472 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (1993).
 
 
 5
 Petitioner did not raise his issue during his guilty plea and did not appeal his conviction. Therefore, he is barred from raising his issue absent a showing of cause and prejudice. United States v. Frady, 456 U.S. 152, 167-69 (1982). Petitioner has not shown cause for his failure to raise the issue.
 
 
 6
 Concerning the prejudice requirement, petitioner does address the merits of his claim. We conclude that petitioner suffered no prejudice for the reasons stated in the district court's order filed June 24, 1992. This court has determined that a Michigan felon's civil rights are not restored for purposes of Sec. 921(a)(20) because the right to sit on a jury is not restored under Michigan law. Driscoll, 970 F.2d at 1478-79. This decision constitutes binding precedent. See Gilliam, 979 F.2d at 437.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.