14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Elliott SAMRICK, Defendant-Appellant.
 No. 93-1166.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 Before KENNEDY, MARTIN and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction on a felon-in-possession-of-a-firearm charge brought under 18 U.S.C. Sec. 922(g)(1). Under 18 U.S.C. Sec. 921(a)(20), a predicate felony conviction for which a person has had his civil rights restored is not considered a conviction for purposes of the chapter of which Sec. 922(g)(1) is a part. The defendant argues that he could not properly be found guilty of having violated the latter section because the felon-in-possession charge was based on prior Michigan felony convictions as to which his civil rights had been restored.
 
 
 2
 The defendant's argument fails because Michigan law has not restored the defendant's civil rights to a degree that would exempt him from the prohibitions listed in Sec. 922(g)(1). United States v. Tinker, 985 F.2d 241, 242 (6th Cir.1992), cert. denied, 113 S.Ct. 1872 (1993); United States v. Gilliam, 979 F.2d 436, 437 (6th Cir.1992), cert. denied, 113 S.Ct. 1856 (1993); United States v. Driscoll, 970 F.2d 1472, 1481 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (1993).
 
 
 3
 Section 22.4.1 of the Internal Operating Procedures of this circuit provides as follows:
 
 
 4
 "Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court."
 
 
 5
 The published opinions cited above are thus binding on this panel. See Gilliam, 979 F.2d at 437.
 
 
 6
 Accordingly, the defendant's conviction is AFFIRMED. Judge Martin adheres to the views expressed in his separate concurrence in Tinker, 985 F.2d at 244, and he concurs in the judgment here for the same reason that he concurred in the judgment in Tinker.