86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Gary GILLIAM, Defendant-Appellant.
 No. 94-1855.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1996.
 
 Before: SUHRHEINRICH and SILER, Circuit Judges; ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Gary Gilliam appeals his conviction following a bench trial for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We AFFIRM.
 
 I.
 
 2
 This criminal case is before us for a second time. See also United States v. Gilliam, 979 F.2d 436 (6th Cir.1992), cert. denied, 507 U.S. 1034 (1993). In 1991, Gilliam was charged under § 922(g)(1) for possessing a semiautomatic rifle in December 1990, after having been convicted in 1978 of first degree sexual conduct. Defendant successfully challenged the indictment in the district court. See United States v. Gilliam, 778 F.Supp. 935 (E.D.Mich.1991). This court reversed and remanded for further proceedings. See Gilliam, 979 F.2d at 437.
 
 
 3
 At trial, the only issue before the court was whether defendant was in possession of the gun.[1] The district court found that Gilliam possessed a semiautomatic rifle on numerous occasions between December 12, 1990 and December 19, 1990. The court sentenced defendant to 120-months imprisonment on the felon in possession charge and added six months for criminal contempt of court during the sentencing hearing. Gilliam appeals.
 
 II.
 
 4
 In this appeal Gilliam argues[2] basically that he qualifies for the exemption of 18 U.S.C. § 921(a)(20) to § 922(g)(1) because at the time of the offense at issue his civil rights had been restored under Michigan law. However, this precise issue has been already decided against defendant in his initial appeal to this court. See Gilliam, 979 F.2d at 437. As noted in that opinion, this circuit held in United States v. Driscoll, 970 F.2d 1472 (6th Cir.1992), cert. denied, 506 U.S. 1083 (1993), that "Michigan law does not fully restore a convicted felon's civil rights for purposes of section 921(a)(20) because a Michigan felon is restricted from serving on juries and from possessing certain types of firearms." Gilliam, 979 F.2d 437 (citing Driscoll, 970 F.2d at 1481). See also United States v. Tinker, 985 F.2d 241, 242 (6th Cir.1992) (applying Driscoll ), cert. denied, 507 U.S. 1040 (1993); United States v. Sims, 975 F.2d 1225, 1241 (6th Cir.1992), cert. denied, 507 U.S. 932 (1993) (same). It is well-established that one panel cannot overrule the decision of an earlier panel. Gilliam, 979 F.2d at 437; Driscoll, 970 F.2d at 1478; United States v. Wolak, 923 F.2d 1193, 1199 (6th Cir.), cert. denied, 501 U.S. 1217 (1991). Because defendant's argument revisits the issues raised and rejected in Driscoll and Gilliam, we are not free to reconsider them.[3] See United States v. Berman, 884 F.2d 916, 923 (6th Cir.1989) (issue presented and decided in prior appeal is law of the case); United States v. Rivera-Martinez, 931 F.2d 148, 150 (1st Cir.) (same), cert. denied, 502 U.S. 862 (1991).
 
 
 5
 Defendant's conviction is AFFIRMED.
 
 
 6
 ANN ALDRICH, District Judge, concurring in the result.
 
 
 7
 Recognizing that this panel cannot overrule Driscoll, see United States v. Wolak, 923 F.2d 1193, 1199 (6th Cir.), cert. denied, 501 U.S. 1217 (1991), I must concur in the result. However, for the reasons stated in Judge Jones' dissent in Driscoll, see United States v. Driscoll, 970 F.2d 1472, 1486-88 (6th Cir.1992) (Jones, J., dissenting), I write separately to express my disagreement with the majority's holding in that case.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Defendant stipulated to the other two elements of the offense (J.A. 24-25.) See United States v. Moreno, 933 F.2d 362, 372 n. 1 (6th Cir.) (three elements of 18 U.S.C. § 922(g)(1) are that defendant had previous felony conviction; that defendant possessed a firearm; and that firearm had traveled in or affected interstate commerce), cert. denied, 502 U.S. 895 (1991)
 
 
 [2]
 Both counsel for defendant and defendant, pro se, have filed appellate briefs
 
 
 [3]
 People v. Legrone, 517 N.W.2d 270, 272 n. 1 (Mich.Ct.App.1994) (characterizing Driscoll and Gilliam as "tak[ing] no position" on the validity of a Michigan Court Rule that renders Michigan felons subject to automatic challenges for cause), has been rejected by this court. United States v. Reiche, No. 94-1071, 1995 WL 6242, at * 3 n. 1 (6th Cir. Jan. 5, 1995) (unpublished)