89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos SANDERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1464.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; JORDAN, District Judge.*
 
 ORDER
 
 2
 Carlos Sanders appeals pro se from a district court judgment that denied a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Sanders was convicted of violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. On February 19, 1993, he was sentenced to 120 months of imprisonment and three years of supervised release. This sentence was affirmed on direct appeal.
 
 
 4
 As construed by the district court, Sanders's motion raised two claims: 1) his conviction was improper because his civil rights had been restored under Michigan law; and 2) his attorney was ineffective because counsel did not argue this claim successfully at trial or on direct appeal. The district court dismissed the case on October 31, 1994, and denied Sanders's motion for reconsideration on January 23, 1995. Sanders filed a timely appeal on March 16, 1995.
 
 
 5
 We review the denial of a § 2255 motion de novo, although we accept the district court's factual findings as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). In order for Sanders to prevail, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id.
 
 
 6
 Sanders has abandoned the claims that the district court identified by failing to raise them in his initial brief. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Nevertheless, we note that these claims lack merit. See United States v. Gilliam, 979 F.2d 436, 437 (6th Cir.1992), cert. denied, 507 U.S. 1034 (1993).
 
 
 7
 Sanders now argues that his conviction violates the Second Amendment and that the firearm statutes are ambiguous and vague. These claims were arguably raised in the memorandum that Sanders submitted in support of his motion. However, to obtain collateral relief, Sanders must show cause and prejudice that would excuse the failure to raise them on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 8
 Sanders alleged that his claims were not developed on direct appeal because his counsel was ineffective. This allegation fails because Sanders has not shown that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). This is so because Sanders has not raised a viable challenge to the constitutionality of the federal firearms statutes. Review of Sanders's claims is independently precluded by his failure to show cause. See McCleskey v. Zant, 499 U.S. 467, 502 (1991). It also follows that Sanders has not established the required prejudice.
 
 
 9
 Sanders first argues that his conviction violates the Second Amendment because only the states are authorized to make laws regarding firearms. However, the federal firearm statutes are not directed at the states, but rather at individual behavior. Love v. Pepersack, 47 F.3d 120, 123 (4th Cir.), cert. denied, 116 S.Ct. 64 (1995). Moreover, the constitutional right to bear arms is not absolute, and Sanders has not shown that restricting the ability of felons to possess firearms affects the maintenance of a well-regulated militia. See id. at 124.
 
 
 10
 Next, Sanders argues that the firearm statutes are ambiguous and vague because they do not adequately define terms such as "civil rights." In particular, he argues that jury service is an obligation rather than a civil right. This argument fails because the concepts of a civil obligation and a civil right are not mutually exclusive. Moreover, this court has held that the opportunity to serve as a juror is a civil right that is not fully restored to convicted felons in Michigan. Gilliam, 979 F.2d at 437. Sanders also argues that the government had the burden of proving that he knew that his civil rights had not been restored and that the firearm had traveled in interstate commerce. These arguments were expressly rejected by the court in United States v. Langley, 62 F.3d 602, 606 (4th Cir.1995), cert. denied, 116 S.Ct. 797 (1996). Sanders's remaining arguments are equally lacking in merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation