99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard Bernard TAYLOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3104.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 1
 Before: LIVELY and NELSON, Circuit Judges; HACKETT, District Judge.*
 
 ORDER
 
 2
 Leonard Bernard Taylor appeals pro se from a district court order that denied his motion for relief from judgment, filed under Fed.R.Civ.P. 60(b). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Taylor was convicted of several controlled substance offenses, of being a felon in possession of firearms and ammunition, and of using a firearm during a drug trafficking offense, violations of 21 U.S.C. §§ 846, 856, 841(a)(1) and 841(b)(1)(C) as well as 18 U.S.C. §§ 2, 922(g), 924(a), 924(c)(1) and 924(e). On September 29, 1992, Taylor was sentenced to a total of 322 months of imprisonment and three years of supervised release.
 
 
 4
 In a motion to vacate the sentence under 28 U.S.C. § 2255, Taylor alleged that: 1) the enactment of 18 U.S.C. §§ 922 and 924 exceeded Congress's power under the Commerce Clause; 2) the seizure of his firearms violated the Second Amendment; 3) his firearm convictions violated the Tenth Amendment; 4) the firearms did not have a nexus to interstate commerce; 5) his felony firearm and Armed Career Criminal Act convictions were invalid; 6) he was not a career offender under the sentencing guidelines; and 7) he was denied the effective assistance of counsel. The district court denied Taylor's motion and dismissed the case on October 13, 1995. A motion for reconsideration was denied on November 22, 1995.
 
 
 5
 On December 22, 1995, Taylor filed the Rule 60(b) motion that is the subject of the instant appeal. The district court denied Taylor's motion on January 10, 1996, and it is from this judgment that he now appeals.
 
 
 6
 The arguments in Taylor's Rule 60(b) motion are based on equitable principles. Rule 60(b)(6) contains a residual clause that allows the district court to grant such a motion in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (emphasis in the original). The district court's denial of a motion under Rule 60(b)(6) is examined for an abuse of discretion on appeal, and its discretion is especially broad given the equitable principles involved. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 7
 Taylor maintained that the district court had not addressed the argument that his felony firearm and Armed Career Criminal Act convictions were invalid because his civil rights had been restored under Minnesota state law. This assertion is refuted by the court's adoption of the following reasoning in the government's motion to dismiss:
 
 
 8
 Taylor contends that he was improperly found to be a felon in possession because his right to possess a firearm had been restored upon his release from prison in Minnesota. This argument, however, ignores the fact that he was also convicted of a felony in the State of Ohio. Under Ohio law, a person convicted of a felony is not permitted to possess a firearm, unless he goes through a specific procedure for regaining the privilege. O.R.C. § 2923.13. There is no indication that Taylor went through this procedure, and therefore was not permitted to possess a firearm under Ohio law. The fact that his rights may have been restored in Minnesota is completely irrelevant.
 
 
 9
 Taylor's motion was also properly denied because he showed neither cause for the failure to raise his claims on direct appeal nor resultant prejudice. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Taylor suggests that his trial attorney did not investigate his claims, but he has not offered any explanation for failing to raise them on direct appeal. Thus, Taylor has not made an adequate showing regarding cause, and his failure to do so independently precludes appellate review. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986). As discussed below, we also note that Taylor has not shown the required prejudice because his claims all lack substantial merit. Taylor argues that the cause and prejudice test is inapplicable because he is actually innocent. See id. at 496. However, since Taylor's claims lack merit, they do not undermine the validity of his convictions under 18 U.S.C. §§ 922(g)(1) and 924(e).
 
 
 10
 Taylor first alleged that the restoration of his civil rights in Minnesota undermined the validity of his felony firearm convictions under 18 U.S.C. § 922(g)(1). A federal felony firearm conviction cannot be based on prior convictions for which a defendant's civil rights have been fully restored. 18 U.S.C. § 921(a)(20). However, convicted felons may be prosecuted under 18 U.S.C. § 922(g)(1), despite a partial restoration of their rights. United States v. Gilliam, 979 F.2d 436, 437 (6th Cir.1992), cert. denied, 507 U.S. 1034 (1993); United States v. Driscoll, 970 F.2d 1472, 1478-81 (6th Cir.1992), cert. denied, 506 U.S. 1083 (1993).
 
 
 11
 The felony firearm charges in Taylor's indictment were based on his 1980 Ohio conviction for kidnapping. Taylor has not alleged that his civil rights were restored in Ohio, and Ohio felons may not possess firearms, even if their other rights have been restored. Ohio Rev.Code Ann. § 2923.13. Hence, the alleged restoration of Taylor's civil rights in Minnesota did not preclude his conviction under 18 U.S.C. § 922(g)(1). See United States v. Lowe, 50 F.3d 604, 606 (8th Cir.), cert. denied, 116 S.Ct. 260 (1995).
 
 
 12
 Taylor also alleged that the restoration of his civil rights in Minnesota invalidated his conviction under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). It appears that Taylor's conviction under the ACCA was based on his Ohio kidnapping conviction, which also involved convictions for assault and robbery, as well as a 1971 Minnesota burglary conviction and a 1973 Minnesota assault conviction. Taylor alleged that the two Minnesota felonies were not "convictions" within the meaning of the ACCA because his civil rights had been restored under Minnesota law. See 18 U.S.C. § 921(a)(20).
 
 
 13
 A complete restoration of civil rights includes the rights to vote, to hold public office and to sit on a jury as well as the elimination of any special restrictions on the right to possess a firearm. United States v. Cassidy, 899 F.2d 543, 549 (6th Cir.1990). We need not reach the issue of whether Taylor's rights to vote, hold public office and serve on a jury were fully restored, because at the time he committed the federal offenses at issue in this appeal his right to possess a firearm was restricted under Minn.Stat.Ann. § 624.713(1)(b). That statute provides that a pistol may not be possessed by certain individuals including any
 
 
 14
 person who has been convicted of ... in this state or elsewhere, a crime of violence unless ten years have elapsed since the person has been restored to civil rights or the sentence ... has expired, whichever occurs first, and during that time the person has not been convicted of ... any other crime of violence. For purposes of this section, crime of violence includes crimes in other states or jurisdictions which would have been crimes of violence as herein defined if they had been committed in this state....
 
 
 15
 The sentences that Taylor received because of his two Minnesota convictions expired on February 25, 1972 and January 10, 1975. Thus, if Taylor had not committed another violent crime, these convictions could not have served as a basis for restricting his right to possess a pistol after February 25, 1982 and January 10, 1985. However, Taylor did commit another violent crime within the term prescribed by the statute, as he was convicted in Ohio of kidnapping, felonious assault and robbery in 1980. Hence, Taylor's right to possess firearms was still significantly restricted under Minnesota law in 1992, when he committed the federal offenses that led to his conviction under the ACCA. We note that this right was initially restricted based on Taylor's Minnesota convictions alone, and the statute clearly indicates that these initial restrictions were never removed. Thus, Taylor was properly convicted under the ACCA in 1992, as his right to possess a pistol was still restricted at that time because of his prior Minnesota convictions. See Gilliam, 979 F.2d at 437; Driscoll, 970 F.2d at 1478-81.
 
 
 16
 Taylor argues that he was entitled to an evidentiary hearing on his § 2255 motion. However, Taylor did not allege facts that would have provided a basis for relief if they had been proved at a hearing, and the existing record was adequate to resolve his claims. See Mathews v. United States, 11 F.3d 583, 584-85 (6th Cir.1993). The district court did not abuse its discretion by deciding the motion without a hearing.
 
 
 17
 Taylor now argues that there is an unconstitutional sentencing disparity between crimes involving cocaine and those involving cocaine base. This claim was not raised in Taylor's § 2255 motion or in his Rule 60(b) motion, and we will not consider it for the first time on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Nevertheless, we note that our court has repeatedly upheld the constitutionality of the 100-to-1 sentencing ratio between cocaine base and powdered cocaine. See, e.g., United States v. Tinker, 985 F.2d 241, 242 (6th Cir.1992), cert. denied, 507 U.S. 1040 (1993).
 
 
 18
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation